IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUMMER CAMPBELL, <br><br>  Plaintiff. <br><br>  v. <br><br> LIBERTY MUTUAL INSURANCE, <br><br>  Defendant. | Case No. 1:23-cv-5101 <br><br> Judge John F. Kness |

**JOINT [INITIAL] STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.      Nature of the Case**

   A.  Attorneys of Record

**Plaintiff's Attorney**
Davina Rae DiPaolo
Alexander Loftus (Lead trial attorney)
Gail Eisenberg
Loftus & Eisenberg, Ltd.
161 N. Clark, Suite 1600
Chicago, IL 60601
davina@loftusandeisenberg.com
alex@loftusandeisenberg.com
gail@loftusandeisenberg.com

**Defendant's Attorney**
Erin Foley (Lead Trial Attorney)
Kyla J. Miller
Seyfarth Shaw LLP
233 S. Wacker Dr, Ste 8000
Chicago, IL 60606-6448
edfoley@seyfarth.com
kjmiller@seyfarth.com

B. Summer Campbell's ("Campbell") claims arise under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1 et seq., as amended by P.A. 98-1050 (Jan. 1, 2015). This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C § 1367. 3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b). Liberty Mutual operates in this District and maintains offices in this District, and the unlawful conduct alleged in this Complaint occurred in this District.

C. Campbell is a woman with mental disabilities who was hired by Liberty Mutual ("LM") as a technical assistant in payments on April 12, 2021. Campbell alleged that LM engaged in unlawful discrimination, retaliation, and failure to accommodate based on her mental disabilities. Campbell further alleged this conduct led to her constructive discharge on February 6, 2023.

D. The claims asserted in the Complaint include discrimination and failure to accommodate under the ADA, and violations of the Illinois Human Rights Act based on disability discrimination and retaliation. Defendant's Answer is due on November 17, 2023, granted the Court accepts LM's unopposed motion for an extension to file its Answer. Therefore, Defendant's counterclaims and/or affirmative defenses are unknown at this time.

E. The principle factual issues are unknown at this time because Defendant has not filed its Answer yet; therefore, Plaintiff does not know which facts Defendant accepts or denies.

F. The principle legal issues are whether LM took adverse employment actions against Campbell in violation of the ADA and IHRA, and whether LM failed to accommodate Campbell based on her mental disabilities in violation of the ADA and IHRA.

G. Plaintiff seeks the following relief:
    a. Declare that the acts and conduct of Defendants are unlawful;
    b. Award Plaintiff the value of all compensation, benefits, and equity lost as a result of Defendants' unlawful conduct;

    c. Award Plaintiff the value of all compensation, benefits, and equity she will lose in the future as a result of Defendants' unlawful conduct;
    d. Award Plaintiff compensatory damages, including but not limited to, damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;
    e. Award Plaintiff punitive damages due to Defendants' malicious conduct and/or Defendants' reckless or callous indifference to the statutorily protected rights of Plaintiff;
    f. Award Plaintiff prejudgment interest;
    g. Award Plaintiff attorneys' fees, costs, and disbursements; and
    h. Award Plaintiff such other make whole equitable, injunctive, and legal relief as this Court deems just and proper.

  H. There is only one defendant, and they waived service of process.

## II. Case Scheduling and Discovery

  A. Proposed Discovery Schedule:

| Event | Deadline |
|---|---|
| Motions to Amend the Pleadings | December 15, 2023 |
| Service of process on any "John Does" | Not applicable |
| Completion of Fact Discovery | August 30, 2024 |
| Disclosure of Plaintiff's Expert Report(s) | September 30, 2024 |
| Deposition of Plaintiff's Expert | November 29, 2024 |
| Disclosure of Defendant's Expert Report(s) | September 30, 2024 |
| Deposition of Defendant's Expert | November 29, 2024 |
| Dispositive Motions | January 15, 2025 (proposed date is more than one month after close of expert discovery to avoid the holidays) |

  B. At this time, Plaintiff expects to take less than five depositions, and Defendant expects to take less than two.

3

    C.    The parties do not foresee any special issues during discovery at this time.

    D.    Discovery Plan pursuant to Rule 26(f)(2) and Rule 26(f)(3):

> *(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;*

The Parties request that Rule 26(a) disclosures be made by November 28, 2023.

> *(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;*

The Parties anticipate exchanging interrogatories and requests for production of both hard-copy and electronic documents, and multiple depositions before the discovery completion date of August 30, 2024.

> *(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;*

The Parties request that every effort is made to produce discovery by electronics means whenever possible, and not hard-copies.

> *(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;*

The Parties must claim privilege or protection in advance of production. However, the Parties stipulate that, by leave of court, privilege or protection can be claimed after production for good cause.

> *(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and*

The Parties do not request any discovery limitations at this time.

> *(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).*

4

The Parties do not have any other requested orders at this time.

### III.  Trial

    A.    Plaintiff demands a jury trial.

    B.    The Parties estimate the trial will take three to five days.

### V.  Settlement, Referrals, and Consent

    A.    Plaintiff and Defendant's counsel discussed settlement during their Rule 26 conference. Plaintiff agreed to send a demand letter to Defendant within a week of Defendant filing its Answer.

    B.    The parties do not request a settlement conference before this Court or the Magistrate Judge at this time.

    C.    Defendant does not wish to consent to the jurisdiction of the Magistrate Judge.

### IV.  Other

    A.    There is nothing else that the Plaintiff wants the Court to know at this time.

    B.    There is nothing else that the Defendant wants the Court to know at this time.

Date: November 10, 2023

SUMMER CAMPBELL

/s/ Davina Rae DiPaolo
Alexander Loftus (Lead trial attorney)
Gail Eisenberg
Loftus & Eisenberg, Ltd.
161 N. Clark, Suite 1600
Chicago, IL 60601
davina@loftusandeisenberg.com
alex@loftusandeisenberg.com
gail@loftusandeisenberg.com

LIBERTY MUTUAL INSURANCE

Kyla J. Miller
Seyfarth Shaw LLP
233 S. Wacker Dr, Ste 8000
Chicago, IL 60606-6448
kjmiller@seyfarth.com