IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUMMER CAMPBELL, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 23-cv-5101 |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| *Defendant.* | ) | |

## ORDER

On May 2, 2025, the Court received a long and detailed email from pro se Plaintiff relating to the status hearing held on April 30, 2025. To allow effective case management, the Court substantively responds to the communication here. That said, Plaintiff is cautioned that going forward, the Court will not accept uninvited emails as a means of communicating with the Court.

To begin, Plaintiff notes that her unconventional approach to communicating with the Court (via email) is a result of her inability to effectively communicate with the Court during the status hearing. While the Court appreciates this issue, the Court still must require a proper record of court proceedings. Plaintiff can express her concerns via a written status report when directed by the Court, or by filing a motion seeking some form of relief from the Court. Proceeding in this manner addresses Plaintiff's self-described limitations on orally communicating extemporaneously and allows all communications with the Court to properly be included on the public docket.

Next, Plaintiff indicates that she "does not wish to proceed into discovery without legal representation." She further states that she does

> not feel that [she has] been given an opportunity to be heard in a meaningful way and at a meaningful time, and continuing pro se through discovery appears to be my only option to obtain that due process right. I feel settlement discussions have allowed the defendant to frame the narrative to portray me in a misleading way while I have been barred from providing arguments or evidence I have in my possession.

As to any concerns that Plaintiff has regarding not being "heard in a meaningful way," this case has been on a protracted settlement-discussion path. In March 2024, this Court recruited on Plaintiff's behalf Randall D. Schmidt of the Mandel Legal Aid Clinic, University of Chicago Law School. Mr. Schmidt is a committed and talented attorney who regularly offers his services as

1

Settlement Assistance Counsel. Those settlement efforts continued for a year. The case did not settle. Plaintiff's chance to be "heard" will occur now, in the actual litigation phase of the case. To the extent that Plaintiff has evidence to support her claim, she will be able to provide that information during the discovery process. While Plaintiff may not wish to participate in discovery without legal representation, she had a retained attorney, and that relationship was deemed sufficiently compromised that the district court permitted counsel to withdraw. To that end, in reviewing Plaintiff's objection to the withdrawal of counsel, Plaintiff herself conceded that there were irreconcilable differences, and merely blamed her original counsel for those differences. *See* ECF # 24. Further, Plaintiff indicated that her efforts to find replacement counsel were stymied because other attorneys practiced "ableism" and had stereotyped views of autism and other mental health challenges that Plaintiff faces. *Id.* Nevertheless, Plaintiff had the benefit of Mr. Schmidt's representation during exhaustive settlement efforts. Plaintiff's current situation is one of her own making. A review of the docket shows that meaningful and concerted efforts towards settlement were made over an extended period, with drafts of settlement agreements being provided and a mediator's recommendation being made by Judge Jantz. If Plaintiff does not wish to proceed with discovery, she has the option of agreeing to settlement terms previously offered by Defendant, if they remain open.

Next, Plaintiff states that her "intention in bringing this case has always been to prevent future neurodivergent employees from experiencing the same discrimination and lack of accommodation" that Plaintiff faced. Further, Plaintiff argues that "[t]here has never been a settlement offer that protects others in the community or leaves me able to advocate for my experience." Without opining on the merits of Plaintiff's claim, the Court notes that Plaintiff's purported efforts to advocate for others are misplaced in this context for at least two fundamental reasons. First, Plaintiff, as a non-lawyer, cannot represent others' interests. Second, the current lawsuit would not provide for the relief Plaintiff argues for here even assuming she is successful. Thus, if Plaintiff did not reach settlement because she was seeking relief or protection for others, she may wish to reconsider this position given her pro se status and her self-professed limited ability to mentally and emotionally tolerate the discovery process.

Plaintiff next raises concerns with this Court's comments that Plaintiff presented with "higher intelligence and communication skills" than other pro se Plaintiffs that the Court has encountered. Plaintiff then explains the challenges of Level 1 Autism Spectrum Disorder as she experiences this disability. The Court's comments were in no way meant to minimize Plaintiff's challenges and were made solely as they related to the legal issues involved in recruiting counsel. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). In exercising its discretion, the Court must consider two things: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). The Court may also consider the merits and what is at stake when deciding whether to allocate scarce pro bono counsel resources. *Watts v. Kidman*, 42 F.4th 755, 765 (7th Cir. 2022). Thus, the Court's comments, properly contextualized, were a reflection on Plaintiff's ability to represent herself, not an effort to minimize her challenges. Importantly, the Court has not even considered whether Plaintiff would be considered "indigent" for purposes of appointment of counsel.

Plaintiff further adds that she "share[s] this information not in complaint, but to hopefully enable the court to better understand the challenges" that Plaintiff faces. While the Court is mindful of these challenges, the Court is more than confident that Plaintiff can effectively litigate this case. Plaintiff expressly indicates that she is better able to communicate and advocate for herself through written words as opposed to oral recitation. As most of the discovery process and substantive argument going forward will be presented, in whole or in part, by written submissions, Plaintiff's limitations will not be nearly as pronounced in the substantive litigation process. To the extent that Plaintiff's spoken communication will be a challenge, that is most likely to occur during Plaintiff's deposition, which will take place in some form whether Plaintiff is represented by counsel or not. If Plaintiff wishes to seek appropriate relief in the discovery process, she may do so through written motion practice.

In conclusion, the Court has attempted to fully summarize Plaintiff's concerns and appropriately respond to them. As noted earlier, future communications must be in the form of a status report, motion, or other filing on the docket. Additionally, the Court strongly encourages Plaintiff to reconsider her efforts to "continue to advocate because [she knows] that many others with autism have even less access to communication, and far fewer resources to assert their rights." While Plaintiff's stated purpose may seem noble, it is misplaced in our legal system for the reasons noted above – as a non-attorney, Plaintiff cannot represent others in court. Moreover, the emotional reaction Plaintiff described having after the status hearing strongly suggests that the toll of this litigation on Plaintiff may be significant. Perhaps, although not ideal in Plaintiff's mind, Defendant's offer at early resolution may be the best result for Plaintiff.

**Date**: May 7, 2025

**M. David Weisman**
**United States Magistrate Judge**