

**FILED**
8/29/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

E.C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUMMER CAMPBELL, | Case No. 1:23-cv-05101 |
| Plaintiff, | Judge: John F. Kness |
| | Magistrate Judge: M. David Weisman |
| v. | |
| LIBERTY MUTUAL INSURANCE, | |
| Defendant. | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff Summer Campbell, proceeding pro se, respectfully moves under Federal Rules of Civil Procedure 26, 33, 34 and 37 to compel Defendant Liberty Mutual Insurance ("Defendant") to provide complete responses to Plaintiff's First Set of Interrogatories and First Requests for Production.

After good faith consultation to resolve differences through exchange of email communication from July 21, 2025, through August 27, 2025, *(Exhibit 1)* the two parties have been unable to resolve all identified deficiencies in Defendant's responses. Plaintiff therefore moves to compel full, sworn interrogatory answers and complete production of all responsive documents, and seeks appropriate sanctions and protective orders.

## CERTIFICATE OF CONFERRAL

1. Plaintiff served her First set of Interrogatories and First set of Requests for Production to attorney Erin Dougherty Foley ("Foley") and attorney Madeline E. Remish ("Remish") on June 20, 2025 at 12:07 pm. *(Exhibit 2)*

2. Plaintiff received Defendant's Responses to Plaintiff's Discovery Requests on July 21, 2025 at 9:51 am through Remish. *(Exhibit 3)*

3. Plaintiff contacted Remish on July 21, 2025 at 2:48 pm requesting the following supplementation of document production by July 25, 2025:

    3.1. A production of the documents in a format that allows it to be downloaded and maintained off of their Kiteworks site.

    3.2. Organization of the documents produced to identify the specific Discovery request it is responsive to.

4. Remish provided a Kiteworks link that allowed for downloads on July 21, 2025 at 3:24 pm.

5. Plaintiff emailed the Defendant's representation on July 24, 2025 at 11:10 am to request an acknowledgment of her supplementation request identified above as 2.2. Plaintiff also raised the following concerns about Defendant's Response to Plaintiff's Discovery Requests:

    5.1. "Many answers conclude with "Investigation continues". FRCP 33 requires complete answers based on information reasonably available when served. You have not requested any extension in time for these answers, and "investigation continues" is evasive and noncompliant."

    5.2. "Nearly every RFP is met with identical boilerplate objections without any explanation or factual basis. The answers to Interrogatories are similarly evasive and unsupported."

    5.3. "LM asserts attorney-client privilege and work product protection in nearly every response but has provided no privilege log."

    5.4. "Several questions across both documents remain unanswered or only partially answered."

6. Foley emailed Plaintiff on July 25, 2025 at 1:51 pm. In this email, Foley declined to supplement "investigation continues" responses and stated, "We disagree with your contention that our responses are evasive or not compliant". Foley provided the following documents in this email:

   6.1. Supplemental document discovery responses that "have been revised/supplemented to include bates labeled information" ***(Exhibit 4)***

   6.2. A privilege log ***(Exhibit 5)***

7. Plaintiff emailed the defense on August 8, 2025, at 11:47 am. In this email, Plaintiff provided a document that identified the deficiencies and requested specific supplementation for each of Plaintiff's interrogatories and Plaintiff's Request for Production ***(Exhibit 6).*** Plaintiff identified documents that were produced in inaccessible formats. Plaintiff requested a digital index of the 469 files produced, or a hard copy of the 2,133 pages in the mail. Plaintiff requested supplementation by end of day August 14, 2025. Plaintiff also provided the following summary of deficiencies in Defendant's responses:

   7.1. "Pervasive reliance on boilerplate, vague objections without specificity or factual support."

   7.2. "Improper use of Rule 33(d) by referring to all documents produced while failing to provide narrative answers."

   7.3. "Assertion of attorney-client/work product privileges without clear identification of what was withheld."

   7.4. "[Foley] provided a privilege log on July 25, 2025, but it fails to identify the capacities of the recipients, any attachments, a specific explanation of the subject matter to

determine if legal advice was sought or revealed, or identification of what discovery question the withheld document relates to."

7.5. "Repeated "Investigation continues" placeholders with no timeline or specificities, rendering the responses incomplete under FRCP 33(b)(3)."

7.6. "Nonresponsive answers."

8. Foley emailed the Plaintiff on August 13, 2025, at 7:55 am to inform her that "Liberty Mutual will not be able to comply with [Plaintiff's] stated August 14, 2025, deadline to respond to [Plaintiff's] latest discovery concerns." Foley stated she would "make every effort to respond by August 22, 2025" and agreed to send a hard copy of the document production in the mail.

9. Plaintiff emailed the defense on August 13, 2025, at 1:54 pm. Plaintiff informed Foley that the proposed August 22, 2025, deadline would not allow her enough time to review the supplementation, further meet-and-confer, and prepare a motion to compel for the Court's August 29, 2025, deadline. Plaintiff suggested an end of day August 18, 2025, deadline that would allow Defendant 11 days to supplement their response and the Plaintiff 11 days to further engage in the meet-and-confer process before a motion to compel was due.

10. Foley emailed Plaintiff on August 18, 2025, at 5:20 pm. Regarding the requested supplementation, Foley stated:

10.1. "We do not agree with your assertion that Liberty Mutual ("LM") has not complied with its obligations to respond to discovery and believe that our responses are proper, compliant, and done in accordance with the Federal Rules of Civil Procedure. We have complied with our obligations in supplementing our discovery responses and

on Saturday, August 16, 2025, [Plaintiff] received a hard copy of the documents previously produced electronically."

10.2.    "In short, we do not believe that there are additional responses/supplementation that need to be made at this time. The documents produced are responsive to your requests and we do not believe LM is required to provide you with a more detailed narrative responses to your Interrogatories. That is the purpose of a deposition, for each side to ask follow up questions regarding the written discovery responses and about specific documents."

10.3.    "As noted, above, we disagree with your concerns regarding LM's "boilerplate, vague objections," that LM has improperly utilized Rule 33(d), that our privilege log is improper, that we are required to provide a deadline of when any "investigation continues" will be complete, or that LM's answers are non-responsive.  LM is not attempting to avoid answering your requests; indeed, where objections were made, we have responded in addition to objecting.  This is consistent with both the Federal Rules and standard practice."

11. Plaintiff emailed the defense on August 25, 2025 at 7:04 am. Plaintiff re-stated her concerns, provided a final date for supplementation of August 27, 2025, and asked the Defendant to reconsider supplementing its responses to Plaintiff's Discovery Requests. In this email, Plaintiff also identified the following issues with the Defendant's document production:

11.1.    "The production includes numerous duplicate documents, which significantly inflates the volume of material without adding new information."

11.2.    "You produced an employee handbook that was revised in 2023, after [Plaintiff's] employment ended, making it non-responsive to the timeframe at issue."

11.3. "The employee handbook provided is missing its table of contents, making navigation of the 300+ pages unnecessarily burdensome."

12. Foley emailed on August 27, 2025, at 9:58 am. In the email, Foley:

12.1. Provided an employee handbook from September 2022. (Please note: this handbook is still not the one that Plaintiff utilized during her employment. In September of 2022 Plaintiff was out on disability leave, and she did not review or sign the updated handbook when she returned to work January 2023 - February 2023.)

12.2. Stated that there is no table of contents for the handbook because it was printed off Liberty Mutual's Intranet.

12.3. Stated that the duplicative documents were produced as kept in the normal and ordinary course of business.

## MEMORANDUM

A party may move to compel discovery under FRCP 33, 34, and 37. The moving party bears the burden of demonstrating that the requested information is relevant, non-privileged, and that the respondent's objections are insufficient. The Court has broad discretion to order compliance and to impose sanctions for failure to obey discovery orders. *Wilstein v. San Tropai Condominium Master Ass'n*, 189 F.R.D. 371, 376 (N.D. Ill. 1999). The Seventh Circuit has repeatedly emphasized that boiler-plate objections are insufficient where the moving party has identified a specific request. See *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 2018 WL 946396, at 6 (N.D. Ill. Feb. 16 2018) (rejecting generalized objections).

### Discovery Deficiencies

### 1. "Investigation Continues" Answers

Seven of the fifteen interrogatory responses, and eight of the eleven request to produce responses, conclude with "investigation continues." Such answers are evasive and incomplete. Rule 33(b)(3) requires each interrogatory to be answered fully based on the information available at the time. Courts disfavor open-ended non-answers of this kind, which effectively delay discovery without justification. The current response provides me with little understanding of what information was reviewed in response to the discovery requests, what information is still being reviewed for supplementation, and when that review will conclude.

## 2. Improper Objections

The 2015 amendments to FRCP Rule 26 and Rule 34(b)(2)(B) require objections to be specific, and to state whether any responsive materials are being withheld. The Defendant has failed to do so in many responses; instead, offering the statement "Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log." Additionally, the burden is on the objecting party to justify each objection with specificity and to show that discovery requests are irrelevant or overbroad. I worked to tailor each discovery request to the issues in dispute and directly related to workplace discrimination, retaliation, failure to accommodate, and constructive discharge. The Seventh Circuit and this Court have consistently rejected boilerplate objections. *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 2018 WL 946396, at *6 (N.D. Ill. Feb. 16, 2018)* Defendant's repeated objections, without factual explanations, violate Rule 34(b)(2)(B) and should be overruled.

## 3. Privilege Log Deficiencies

The Defendant asserts attorney-client privilege and work product objections in nearly every response. Under FRCP 26(b)(5)(A), a party must expressly make the claim and describe the nature of the document withheld in a manner that enables other parties to assess the claim. A

privilege log was provided by the defendant - three days after the 30-day window allowed under FRCP 33(b)(2). However, the privilege log produced fails to identify (1) the capacities or role of those named, (2) whether there were attachments to emails, (3) a specific explanation of the subject matter to determine if legal advice was sought or revealed, or (4) identification of what discovery request the withheld document relates to. Courts in this District require privilege logs to provide enough detail for the opposing party and the Court to evaluate the claim. *Muro v. Target Corp.*, 250 F.R.D. 350, 363 (N.D. Ill. 2007).

### 4. Rule 33(d) Misuse

The Defendant frequently cites Rule 33(d) and refers Plaintiff to the entirety of its document production (2,132 pages across 469 files titled by bates number) instead of providing narrative responses to interrogatories. Rule 33(d) requires a party to "specify the records in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could". Defendant's blanket references to the entire production fails this requirement. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005).

### 5. Document Production Deficiencies

The Defendant has produced documents in unusable and burdensome formats including a 2023 - then 2022 - employee handbook irrelevant to the timeframe and lacking a table of contents, as well as voluminous duplicative files. This does not comply with Rule 34(b)(2)(E), which requires documents to be produced either as kept in the ordinary course of business or organized to correspond to the requests. The Defendant references 1,778 pages on average per request to produce, with an estimated third of those documents being duplicative of each other. Courts have found that such tactics create undue burden and prejudice to the requesting party. Beyond the duplicative documents, the defendant has failed to produce documents that were

previously produced as exhibits in the settlement conference conducted by this Court. These documents fall within the discovery requested and do not contain attorney client privilege or work product, so it is worrisome that they have not been provided in the current production of documents.

## 6. Relevance and Proportionality of Requests

Rule 26(b)(1) permits discovery into any nonprivileged matter relevant to a party's claim or defense and proportional to the needs of the case. The Plaintiff's requests are narrowly focused on her employment, her requests for accommodation, and the Defendant's handling of her concerns and complaints. Issues such as similarly situated employees, company policy, accommodation procedures, third-party vendors utilized, and career progression are at the very center of the claims and defenses, and the discovery sought is limited in timeframe and scope to the length of Plaintiff's employment. The Defendant, a large corporation with substantial resources, is fully capable of producing responsive information. The discussion of ESI needs to be had for a handful of requests, but there remain many that can be answered without.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the motion in its entirety, compel the Defendant's full and proper discovery responses, and enter further relief as the Court deems just and proper.

Plaintiff requests that the Court order:

1. Complete interrogatory answers that include narrative descriptions and identification of any withheld information.

2. The complete production of responsive documents, organized by the specific discovery request they are responsive to. Any manual or multipage document (e.g., employee

handbooks) should have a table of contents provided when available. If not available, the digital PDF provided should be able to utilize the search function.

3. A supplemental privilege log that, for each withheld document, identifies: (1) the job role of the author and recipients, (2) the specific interrogatory or request to produce that it answers, (3) the subject matter of the document, and (4) whether there were attachments to emails.

4. Prohibition of boiler-plate objections. The Defendant must assert specific, fact-based objections that identify a precise and valid ground for withholding and respond to all portions of the request that are not objected to.

5. The Defendant shall provide a definitive timeline for any pending supplementation they are aware of or provide a summary of the extent of their investigation up to this point.

DATED: August 29, 2025                    Respectfully submitted,


By: _/ s/ Summer Campbell_ _____
        Plaintiff - Pro se


Summer Campbell
Summer.campbell0410@gmail.com
107 N Shore Dr
Oakwood Hills, Illinois 60013
Phone:        (708) 530-9293

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUMMER CAMPBELL, | Case No. 1:23-cv-05101 |
| Plaintiff, | Judge: John F. Kness |
| | Magistrate Judge: M. David Weisman |
| v. | |
| LIBERTY MUTUAL INSURANCE, | |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of PLAINTIFF'S MOTION TO COMPEL

DISCOVERY was served on Attorney Erin Dougherty Foley at the email address on record with

the Court, on August 29, 2025.

_____ s/ *Summer Campbell* _____
Plaintiff - Pro se

# EXHIBIT 1 - EXHIBIT 6

# EXHIBIT 1

**summer.campbell0410@gmail.com**

| | |
|---|---|
| **From:** | Foley, Erin Dougherty <EDFoley@seyfarth.com> |
| **Sent:** | Wednesday, August 27, 2025 9:58 AM |
| **To:** | summer.campbell0410@gmail.com |
| **Cc:** | Remish, Madeline E. |
| **Subject:** | RE: Liberty Mutual Responses to Plaintiff's Discovery Requests 23-cv-05101 |
| **Attachments:** | LM_002134-LM_002452.pdf |

Ms. Campbell – please find attached LM's September 2022 employee handbook. Both Maddie and I are traveling for client matters this week, so we were not able to supplement LM's discovery responses to reflect this production. Should you require that, we can provide you with a supplemental response for these documents after the Labor Day Holiday.

Regarding the handbook, it is our understanding that this document was printed off of the company's intranet, and as such there is no formal a "table of contents." This document is being produced to you as it is kept in the normal and ordinary course of business.

As to duplicate documents, those were also produced to you as they were kept in the normal and ordinary course of business. We apologize for any inconvenience but wanted to ensure that you had all responsive documents.

LM confirms that it will not be supplementing your discovery requests in the manner that you are seeking. We believe LM has fully complied with its obligations under the Rules and believe that our responses are sufficient. We are happy to discuss this with the Court during our September 5, 2025, conference.

We also plan to discuss with the Court, the issue you raised earlier this week regarding your current refusal to supplement your healthcare provider disclosures.

Thank you – Erin Foley

**Erin Dougherty Foley (she/her/hers)** | Partner | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5504 | Mobile: +1-708-218-8843 | Fax: +1-312-460-7504
EDFoley@seyfarth.com | www.seyfarth.com




CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** summer.campbell0410@gmail.com <summer.campbell0410@gmail.com>
**Sent:** Monday, August 25, 2025 7:04 AM

**To:** Foley, Erin Dougherty <EDFoley@seyfarth.com>
**Cc:** Remish, Madeline E. <mremish@seyfarth.com>
**Subject:** RE: Liberty Mutual Responses to Plaintiff's Discovery Requests 23-cv-05101


Good morning,

I am writing in response to your August 18th email in which you stated that Liberty Mutual will not be supplementing its responses to my First Set of Interrogatories and First Requests for Production. While I acknowledge, and appreciate, the hard copy of documents, your refusal to provide specific supplementation leaves significant deficiencies unresolved.

FRCP Rule 33 requires complete interrogatory answers and does not permit blanket references to document productions in lieu of narrative responses. Rule 34(b)(2)(a) requires that document responses identify the specific materials being relied upon. Rule 26(b)(5) requires a privilege log to describe the nature in a manner that enables assessment of the claim.

Your responses repeat boilerplate objections, generic references to 2000+ pages of duplicative documents, and "investigation continues" placeholders that leave me with no understanding of the scope of your review when answering. Your privilege log fails to provide key information such as identification of the individuals involved and their roles, and identification of what request the document corresponds to.


After reviewing the hard copy production received on August 16, I also discovered:

- The production includes numerous duplicate documents, which significantly inflates the volume of material without adding new information.

- You produced an employee handbook that was revised in 2023, after my employment ended, making it non-responsive to the timeframe at issue.

- The employee handbook provided is missing its table of contents, making navigation of the 300+ pages unnecessarily burdensome.

These problems substantially increase the burden on me as a pro se litigant and run contrary to the proportionality considerations of Rule 26(b)(1).


I also note your request to conduct meet-and-confer discussions verbally. Because I have a disability that impairs my social communication, particularly when under distress, I must insist that we conduct meet-and-confer communications through email. This allows me to fully participate in the process and creates a written record, consistent with FRCP 37(a)(1) and Local Rule 37.2.

To proceed in good faith, I am setting a final supplementation deadline of August 27, 2025. The supplementation requested has been previously identified in my email, and attachments, to you on August 8. I request that you also supplement the employee handbook to the version that was in effect during my employment, and please include the table of contents when producing. If Liberty Mutual does not provide complete and specific supplementation by August 27, I will consider the parties at an impasse and will file a motion to compel on August 29, as directed by the Court. In that motion, I will include this correspondence to demonstrate my good-faith effort to resolve these issues without Court intervention.

Please confirm whether LM will meet the August 27 deadline.

Thank you,

Summer Campbell

---

**From:** Foley, Erin Dougherty <EDFoley@seyfarth.com>
**Sent:** Monday, August 18, 2025 5:20 PM
**To:** summer.campbell0410@gmail.com
**Cc:** Remish, Madeline E. <mremish@seyfarth.com>
**Subject:** RE: Liberty Mutual Responses to Plaintiff's Discovery Requests 23-cv-05101

Ms. Campbell: Good afternoon.

We do not agree with your assertion that Liberty Mutual ("LM") has not complied with its obligations to respond to discovery and believe that our responses are proper, compliant, and done in accordance with the Federal Rules of Civil Procedure. We have complied with our obligations in supplementing our discovery responses and on Saturday, August 16, 2025, you received a hard copy of the documents previously produced to you electronically. Attached here are LM's supplemental Interrogatory responses.

In short, we do not believe that there are additional responses/supplementations that need to be made at this time. The documents produced are responsive to your requests and we do not believe LM is required to provide you with a more detailed narrative responses to your Interrogatories. That is the purpose of a deposition, for each side to ask follow up questions regarding the written discovery responses and about specific documents.

Additionally, we note that the medical providers you identified, and releases that you previously gave to our office (and documents received in response to some of those provider subpoenas) appear to have been for healthcare providers with whom you began treating relatively recently, i.e., in the early 2020s. As you will note from our discovery requests (your response attached here), LM requested the identification of your treaters beginning on August 28, 2011. Please supplement your answer to Interrogatory Number 10 to identify these additional treaters and provide us with a medical release for each of those individuals. A blank release is attached here for your convenience.

In reviewing the documents you produced to us, we wish to obtain the file kept by Dr. Natalie Engelbrecht. A release for her records is attached here for your convenience. Please return the updated Interrogatory responses and executed releases to our office by Monday, August 25, 2025.

As noted, above, we disagree with your concerns regarding LM's "boilerplate, vague objections," that LM has improperly utilized Rule 33(d), that our privilege log is improper, that we are required to provide a deadline of when any "investigation continues" will be complete, or that LM's answers are non-responsive. LM is not attempting to avoid answering your requests; indeed, where objections were made, we have responded in addition to objecting. This is consistent with both the Federal Rules and standard practice.

If you disagree, we would be happy to meet and confer. Please note that we believe these discussions are most productive when done verbally, either over the phone or in person. It also may be helpful for both parties to meet with the Court to discuss your concerns, if they still remain, now that you have the documents and LM's supplemental responses.

Finally, we have also prepared a protective order for your approval to enter into with the Court. This order will protect your medical and other personal information from being disclosed outside of discovery. It is attached here for your review.

Thank you,

Erin Foley & Maddie Remish

**Erin Dougherty Foley (she/her/hers)** | Partner | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5504 | Mobile: +1-708-218-8843 | Fax: +1-312-460-7504
EDFoley@seyfarth.com | www.seyfarth.com





CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** summer.campbell0410@gmail.com <summer.campbell0410@gmail.com>
**Sent:** Wednesday, August 13, 2025 1:54 PM
**To:** Foley, Erin Dougherty <EDFoley@seyfarth.com>
**Cc:** Remish, Madeline E. <mremish@seyfarth.com>
**Subject:** RE: Liberty Mutual Responses to Plaintiff's Discovery Requests 23-cv-05101

Good afternoon,

I am writing in response to your email that you will not be able to comply with my stated August 14, 2025, deadline and you will instead "make every effort to respond" to the supplemental discovery request by August 22, 2025. Unfortunately, that date leaves me with less than one full week to (1) review your supplementation, (2) confer further if necessary, and (3) prepare any motion to compel before the Court's August 29, 2025, deadline. That is not a reasonable timeframe and would prejudice my ability to protect my rights as a pro se litigant under FRCP.

On July 24, 2025, I emailed you to verify your receipt of my July 21, 2025, email requesting supplementation of the documents produced on Kiteworks. In the July 24th email, I also identified four primary issues with your responses provided to Plaintiff's First set of Interrogatories and Requests to Produce, and I asked you to correct the issues:

"1. Many answers conclude with "Investigation continues". FRCP 33 requires complete answers based on information reasonably available when served. You have not requested any extension in time for these answers, and "investigation continues" is evasive and noncompliant.

2. Nearly every RFP is met with identical boilerplate objections without any explanation or factual basis. The answers to Interrogatories are similarly evasive and unsupported.

3. LM asserts attorney-client privilege and work product protection in nearly every response but has provided no privilege log.

4. Several questions across both documents remain unanswered or only partially answered."

I followed up the morning of August 8, 2025, to produce a more specific list of requested supplementations and requested you execute within 7 business days. I am willing to be flexible, but more than 4 weeks for supplementation is not timely.

I request that you provide your supplemental responses no later than end of day August 18, 2025, so that the meet-and-confer process can be completed in good faith without requiring the Court's intervention for an extension. This provides you with 11 days to supplement your response and provides me 11 days to confer with you further before the motion to compel is due.

I remain willing to discuss any remaining issues within that window, but I cannot accept a later supplementation date without seeking relief from the Court.


Thank you for your understanding,

Summer Campbell


**From:** Foley, Erin Dougherty <EDFoley@seyfarth.com>
**Sent:** Wednesday, August 13, 2025 7:55 AM
**To:** summer.campbell0410@gmail.com
**Cc:** Remish, Madeline E. <mremish@seyfarth.com>
**Subject:** RE: Liberty Mutual Responses to Plaintiff's Discovery Requests 23-cv-05101


Ms. Campbell, good morning.

Liberty Mutual will not be able to comply with your stated August 14, 2025, deadline to respond to your latest discovery concerns. We will make every effort to respond to you by August 22, 2025. We will agree to provide you with hard copies of the documents produced to you and will endeavor to have those delivered to your home address as soon as practicable.

Thank you for your patience.

Erin Foley and Maddie Remish.


**Erin Dougherty Foley (she/her/hers)** | Partner | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5504 | Mobile: +1-708-218-8843 | Fax: +1-312-460-7504
EDFoley@seyfarth.com | www.seyfarth.com





CONFIDENTIALITY WARNING:  This email may contain privileged or confidential information and is for the sole use of the intended recipient(s).  Any unauthorized use or disclosure of this communication is prohibited.  If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** summer.campbell0410@gmail.com <summer.campbell0410@gmail.com>
**Sent:** Friday, August 8, 2025 11:47 AM
**To:** Foley, Erin Dougherty <EDFoley@seyfarth.com>
**Cc:** Remish, Madeline E. <mremish@seyfarth.com>
**Subject:** RE: Liberty Mutual Responses to Plaintiff's Discovery Requests 23-cv-05101

Good afternoon,

I am following up again to address the ongoing deficiencies in Liberty Mutual's responses to Plaintiff's First Set of Interrogatories and First Requests for Production. As I have previously communicated, the discovery provided thus far does not fully comply with the Federal Rules of Civil Procedure, and several responses are evasive, incomplete, or fail to provide sufficient information to allow me to prepare my case.

**Summary of deficiencies in responses:**
- Pervasive reliance on boilerplate, vague objections without specificity or factual support.
- Improper use of Rule 33(d) by referring to all documents produced while failing to provide narrative answers.
- Assertion of attorney-client/work product privileges without clear identification of what was withheld.
  - You provided a privilege log on July 25, 2025, but it fails to identify the capacities of the recipients, any attachments, a specific explanation of the subject matter to determine if legal advice was sought or revealed, or identification of what discovery question the withheld document relates to. Please correct these deficiencies.
- Repeated "Investigation continues" placeholders with no timeline or specificities, rendering the responses incomplete under FRCP 33(b)(3).
- Nonresponsive answers.

I specifically identify the problems and requested supplementation for each individual Interrogatory and Request for Production in the attached document.

Lastly, several documents produced are currently inaccessible due to formatting issues. Specifically, the OneNote file LM_001044, and all Excel files fail to open properly. I respectfully request that these documents be re-produced in accessible and standard formats. Additionally, your certificate of services states that a copy of each document was placed in the mail; however, I have not received any physical materials to date. Please confirm the mailing has occurred or provide a physical copy of the full production. Finally, given the absence of a document index or identification key, and the volume of over 2,100 pages, I also request that you provide a consolidated and sequential hard copy of the full production (LM_000001 through LM_002133) in the mail, or a digital index that identifies the general subject matter of each file. Reviewing over 450 standalone digital files without such organization places an undue burden on me as a pro se litigant.

This email is sent pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.2 to request a good faith resolution of deficiencies in your July 21, 2025 responses to Plaintiff's First Set of Interrogatories and your July 25, 2025 supplemental responses to Plaintiff's First set of Requests for Production. I am willing to meet and confer in good faith; however, I request that all communications occur in writing, such as email, rather than telephone. As a pro se litigant with a disability that affects my verbal communication and processing time, written correspondence allows me to fully understand, process, and respond to the issues raised. This ensures a fair and accurate exchange consistent with FRCP and local rules.

Please supplement your responses as described in the attached document, as well as the requests underlined within this email. Please provide them back to me by end of day August 14, 2025. Please confirm by end of day August 11, 2025, whether you will be supplementing these responses within the requested timeframe. I remain committed to resolving these issues cooperatively and without court intervention, but I will proceed with a motion to compel as necessary.

Thank you,

Summer Campbell

---

**From:** Foley, Erin Dougherty <EDFoley@seyfarth.com>
**Sent:** Friday, July 25, 2025 1:51 PM
**To:** summer.campbell0410@gmail.com
**Cc:** Remish, Madeline E. <mremish@seyfarth.com>
**Subject:** RE: Liberty Mutual Responses to Plaintiff's Discovery Requests 23-cv-05101

Ms. Campbell, thank you for your patience.

Given your identified deadline of today, we did not feel it was necessary to acknowledge your original communication. Going forward, we will make an effort to do so.

We are providing for you here supplemental document discovery responses, which have been revised/supplemented to include bates labeled information, as you have requested. For your information, "Investigation Continues" is a proper and appropriate response when there may be additional documents or information discovered by a party, and for which all parties have a responsibility to supplement their responses if new information becomes available.

We disagree with your contention that our responses are evasive or not compliant. However, if you have specific requests or responses that you would like us to review, please advise and we will determine if additional information is warranted. We are happy to meet and confer on any specific examples you would like to identify.

A privilege log is attached here for your review.

Finally, we attach here the draft joint status report; feel free to add information as you feel necessary. Please return to us by 10 a.m. Monday, so that we may review/revise before filing the report at 12 noon, per the Court's order.

Have a nice weekend. Erin Foley and Maddie Remish

**Erin Dougherty Foley (she/her/hers)** | Partner | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5504 | Mobile: +1-708-218-8843 | Fax: +1-312-460-7504
EDFoley@seyfarth.com | www.seyfarth.com




CONFIDENTIALITY WARNING:  This email may contain privileged or confidential information and is for the sole use of the intended recipient(s).  Any unauthorized use or disclosure of this communication is prohibited.  If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** summer.campbell0410@gmail.com <summer.campbell0410@gmail.com>
**Sent:** Thursday, July 24, 2025 11:10 AM
**To:** Remish, Madeline E. <mremish@seyfarth.com>; Foley, Erin Dougherty <EDFoley@seyfarth.com>
**Subject:** RE: Liberty Mutual Responses to Plaintiff's Discovery Requests 23-cv-05101

Good morning,

I am reaching out again to address the deficiencies in Liberty Mutual's discovery responses to Plaintiff's First Set of Interrogatories and First Requests for Production. More than two business days have passed with no acknowledgement to my request for supplementation.

In previous correspondence, I drew attention to the lack of specificity when referring to documents provided. The responding party must identify specific documents in a way that allows me to locate and understand them just as easily as you can. A blanket reference to the entire production of 450+ documents is not sufficient.

In addition to the issues I previously brought to your attention, I would like to raise the following concerns:

1. Many answers conclude with "Investigation continues". FRCP 33 requires complete answers based on information reasonably available when served. You have not requested any extension in time for these answers, and "investigation continues" is evasive and noncompliant.

2. Nearly every RFP is met with identical boilerplate objections without any explanation or factual basis. The answers to Interrogatories are similarly evasive and unsupported.

3. LM asserts attorney-client privilege and work product protection in nearly every response but has provided no privilege log.

4. Several questions across both documents remain unanswered or only partially answered.

As a pro se plaintiff, I am doing my best to follow the Federal Rules of Civil Procedure and local rules. I respectfully request your cooperation in correcting these issues so that I do not need to involve the Court. I will

be following up with an email that satisfies the pre-motion meet-and-confer requirements. However, I want to emphasize again that the lack of specificity in identifying documents must be corrected and corrected quickly.

As stated previously, I set a deadline of tomorrow, July 25th 2025, for this supplementation due to the joint status update due to the Court on July 28th 2025. Please identify how you plan to proceed with this request.

Thank you,

Summer Campbell

---

**From:** summer.campbell0410@gmail.com <summer.campbell0410@gmail.com>
**Sent:** Monday, July 21, 2025 5:54 PM
**To:** 'Remish, Madeline E.' <mremish@seyfarth.com>
**Cc:** 'Foley, Erin Dougherty' <EDFoley@seyfarth.com>
**Subject:** RE: Liberty Mutual Responses to Plaintiff's Discovery Requests 23-cv-05101

Good evening Ms. Remish,

The link you provided allows for downloads, thank you for updating.

Please inform me of how you plan to proceed with identifying the documents and the specific interrogatory or RTP they correspond to.

Thank you,

Summer Campbell

---

**From:** Remish, Madeline E. <mremish@seyfarth.com>
**Sent:** Monday, July 21, 2025 3:24 PM
**To:** summer.campbell0410@gmail.com
**Cc:** Foley, Erin Dougherty <EDFoley@seyfarth.com>
**Subject:** RE: Liberty Mutual Responses to Plaintiff's Discovery Requests 23-cv-05101

Hello Summer,

The Kiteworks settings have been updated to allow for downloads. See link here: https://kiteworks.seyfarth.com/w/f-ab814fbb-8c20-41d6-8d94-cd735edf7202. Please confirm that you can download the documents now. We are also happy to send you hard copies of the production.

Thanks!

---

**Madeline E. Remish** | Associate | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5279 | Mobile: +1-847-809-7995 | Fax: +1-312-460-7614
mremish@seyfarth.com | www.seyfarth.com



CONFIDENTIALITY WARNING:  This email may contain privileged or confidential information and is for the sole use of the intended recipient(s).  Any unauthorized use or disclosure of this communication is prohibited.  If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** summer.campbell0410@gmail.com <summer.campbell0410@gmail.com>
**Sent:** Monday, July 21, 2025 2:48 PM
**To:** Remish, Madeline E. <mremish@seyfarth.com>
**Cc:** Foley, Erin Dougherty <EDFoley@seyfarth.com>
**Subject:** RE: Liberty Mutual Responses to Plaintiff's Discovery Requests 23-cv-05101

Good afternoon Ms. Remish,

The current method of production via Kiteworks does not allow for documents to be downloaded, saved, or reviewed in a functional manner. Additionally, the documents have not been organized or labeled in a way that identifies which request each document is in response to.

As you know, Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure requires that documents be produced "as they are kept in the usual course of business" or organized and labeled to correspond to the categories in the request. To enable meaningful review and avoid unnecessary motion practice, I respectfully request that you (1) produce all documents in a downloadable format and (2) organize the documents to identify the specific interrogatory or RFP it is in response to.

Please provide this supplemental production by July 25th, 2025 so that a joint status report can be completed by July 28th per the court's order.

Should you have any questions or wish to discuss alternative methods for production, please reply to this email.

Thank you,

Summer Campbell

**From:** Remish, Madeline E. <mremish@seyfarth.com>
**Sent:** Monday, July 21, 2025 11:37 AM
**To:** summer.campbell0410@gmail.com
**Cc:** Foley, Erin Dougherty <EDFoley@seyfarth.com>
**Subject:** RE: Liberty Mutual Responses to Plaintiff's Discovery Requests 23-cv-05101

Hello Summer,

Also attached is Ms. Domzal's verification.

Thanks!

Maddie


**Madeline E. Remish** | Associate | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5279 | Mobile: +1-847-809-7995 | Fax: +1-312-460-7614
mremish@seyfarth.com | www.seyfarth.com



CONFIDENTIALITY WARNING:  This email may contain privileged or confidential information and is for the sole use of the intended recipient(s).  Any unauthorized use or disclosure of this communication is prohibited.  If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Remish, Madeline E.
**Sent:** Monday, July 21, 2025 9:51 AM
**To:** summer.campbell0410@gmail.com
**Cc:** Foley, Erin Dougherty <EDFoley@seyfarth.com>
**Subject:** Liberty Mutual Responses to Plaintiff's Discovery Requests 23-cv-05101


Good morning Summer,

Attached are Liberty Mutual's responses to your discovery requests. I am sending you a link as well through Kiteworks to access the responsive documents. Let me know if you have any issues viewing the documents.

Thanks!

Maddie

# EXHIBIT 2

**summer.campbell0410@gmail.com**

| | |
|---|---|
| **From:** | summer.campbell0410@gmail.com |
| **Sent:** | Friday, June 20, 2025 12:07 PM |
| **To:** | 'EDFoley@seyfarth.com' |
| **Cc:** | mremish@seyfarth.com |
| **Subject:** | Campbell V. LM - Plaintiff's Discovery Requests |
| **Attachments:** | Campbell v. LM - First Interrogatories to Defendant.docx; Campbell v. LM - First Interrogatories to Defendant.pdf; Campbell v. LM - First RFPs to Defendant.docx; Campbell v. LM - First RFPs to Defendant.pdf |

Good afternoon,

Attached are my first set of written discovery request (Interrogatories and Request for Production of Documents) being served on you.  I have informed the court that these requests have been sent to you by filling the certificates of service.

Thank you,

Summer Campbell

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUMMER CAMPBELL, | Case No. 1:23-cv-05101 |
| Plaintiff, | Judge: John F. Kness |
| | Magistrate Judge: M. David Weisman |
| v. | |
| LIBERTY MUTUAL INSURANCE, | |
| Defendant. | |

**PLAINTIFF'S FIRST SET OF REQUESTS
FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT**

Plaintiff Summer Campbell, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, requests that Defendant Liberty Mutual Group Inc. ("Defendant" or "LM") respond to the following requests for production of documents within thirty (30) days from the date of service. In responding to these requests, the following instructions and definitions apply:

**<u>INSTRUCTIONS</u>**

1.     Defendant must furnish all requested documents, not subject to a valid objection, that are known by, possessed by, or available to Defendant or any of Defendant's attorneys, consultants, representatives, employees, agents and all others acting on behalf of Defendant. If the requested documents are known by Defendant to exist but are not in the Defendant's possession or control, it is requested that Defendant so indicate or produce documents that show the name of the person or entity who retains custody of the documents.

2.     If Defendant objects to a request for production as calling for information which is beyond the scope of discovery, Defendant must, nevertheless, answer the request or subpart to the extent that it is not objectionable. If the Defendant objects to a request for production as

1

seeking work product or documents protected by the attorney-client or other privilege, Defendant must produce all responsive documents or portions of documents that are not protected by privilege or the work product doctrine. Defendant must also serve upon the undersigned for Defendant a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

3.      If any documents responsive to any request have been lost, mutilated or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive and explain how the document came to be lost, mutilated or destroyed.

4.      If there are no documents in Defendant's possession, custody or control which are responsive to a particular request, so state and identify such request.

5.      Pursuant to Fed. R. Civ. P. 26(e)(1), Defendant must supplement its responses in the event that, prior to final disposition of this action, additional documents come to the attention of, or become available to, Defendant, Defendant's attorneys, consultants, representatives, agents or any other person acting on behalf of Defendant.

## <u>DEFINITIONS</u>

1.      "Document" is used in the broadest sense and includes, but is not limited to, the original and all non-identical copies (whether different from the original by reason of notations made on such copies or otherwise) of all writings, books, articles, publications, records, memoranda, drafts, affidavits, statements, correspondence, electronic mail, instant messages, MS Teams messages, text messages, newsletters, pamphlets, notes, notebooks, diaries, message logs, financial and tax records, spreadsheets, calculations, commercial paper, transcripts, journals, ledgers, vouchers, logs, notebooks, calendars, studies, photographs, slides, data and data compilations, summaries, charts, diagrams, plans, tabulations, proposals, minutes and records of meetings, forms, returns, reports, computer data and any other type of data that is capable of

2

being reproduced to writing, computer disks or printouts, audio tapes, video tapes, sound recordings, image recordings, microfilm, microfiche, and all other tangible items, whether originals or copies, that are in the Defendant's possession, custody or control. Any document with any marks on any page or side thereof, including, but not limited to, initials, stamped indicia, comments or notations of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of these requests for production.

2.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these requests the broadest response possible.

3.      Singular and plural nouns shall be construed to bring within the scope of these requests for production the broadest response possible.

4.      "Any," "each," "the," "every," and "all" shall be construed to bring within the scope of these requests for production the broadest response possible.

5.      "Relate to" shall be given the broadest meaning possible, and shall mean pertain to, bear upon, in support of, evidence of, affects, concerns, touches upon, consists of, refers to, reflects, involves and be in any way legally, logically or factually connected with the matter discussed. All conjugations of the verb "to relate" shall be interpreted in the same manner.

6.      "Plaintiff" refers to Summer Campbell and its attorneys, consultants, representatives, experts, investigators, agents and any other persons acting on his behalf.

7.      "Person" refers to and includes a natural person, corporation, partnership, joint venture, proprietorship, firm, company, unincorporated association, individual, association of individuals, or any other such entity, including his/her/its agents and employees.

8.      "Defendant", "LM", and "its" shall refer to Defendant Liberty Mutual Group Inc.

3

9.     "Complaint" refers to the Complaint filed by Summer Campbell and currently pending in the United States District Court for the Northern District of Illinois, captioned *Summer Campbell v. Liberty Mutual Insurance*, Case No. 1:23-cv-05101.

## REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 1:**

All documents referenced, identified and/or reviewed in response to Plaintiff's First Set of Interrogatories to Defendant.

**RESPONSE:**


**DOCUMENT REQUEST NO. 2:**

Produce all documents and communications, including emails, MS Teams messages, and texts that refer or relate to any request by Plaintiff for reasonable accommodations or training modifications, including internal evaluations and communications with third-parties or Plaintiff's healthcare providers.

**RESPONSE:**


**DOCUMENT REQUEST NO. 3:**

All documents that refer to or relate to communication about the allegations in the Complaint or matters directly related to the allegations in the Complaint, including but not limited to statement(s) prepared by any current and/or former employee of LM on Defendant's behalf.

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:**

Any and all documents maintained, accumulated, taken, or kept by Defendant and its employees that relate to Plaintiff's employment with LM.

**DOCUMENT REQUEST NO. 5:**

Produce all correspondence between Defendant, and/or its agents, and the United States Equal Employment Opportunity Commission or state administrative agency related to the issues in this case.

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:**

Any and all communications between Colleen Busby and any other LM employee from September 1, 2022 to the present day that reference, discuss, or relate to Plaintiff's job duties, her accommodations, or any concerns raised in the Complaint.

**RESPONSE:**

**DOCUMENT REQUEST NO. 7:**

Produce all documents and communications referencing or relating to Plaintiff's FMLA leave, STD leave, return-to-work planning, medical status, or any relevant evaluations of her fitness for duty or need for accommodation.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:**

All communications between any LM employee and third-party vendor that relate to Plaintiff, her accommodation requests, or the concerns raised in the Complaint.

**RESPONSE:**

**DOCUMENT REQUEST NO. 9:**

Produce all documents and communications relating to the evaluation of potential hardship (financial, operational, or otherwise) associated with any accommodation requested by Plaintiff.

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:**

Produce all documents and communications referring or relating to the letter issued to Plaintiff regarding the alleged misappropriation of LM's confidential or proprietary information.

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:**

Produce all documents not otherwise requested above that Defendant intend to rely upon in support of its defenses, or that relate to any factual allegation in its Answer.

**RESPONSE:**

These requests shall be deemed continuing as to require supplemental answers when and if Defendant obtains further information subsequent to the filing of its answers but prior to the commencement of the trial in this action.

DATED:  June 20, 2025                              Respectfully submitted,


By:  s/ *Summer Campbell*  _____
          Plaintiff - Pro Se


Summer Campbell
Summer.campbell0410@gmail.com
107 N. Shore Dr
Oakwood Hills, Illinois 60013
Phone: (708) 530-9293

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUMMER CAMPBELL, | Case No. 1:23-cv-05101 |
| Plaintiff, | Judge: John F. Kness |
| | Magistrate Judge: M. David Weisman |
| v. | |
| LIBERTY MUTUAL INSURANCE, | |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Plaintiff's FIRST SET OF REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT was served on Erin Dougherty Foley at the email address on record with the Court, on June 20, 2025.

<u>s/ *Summer Campbell*  </u>
Plaintiff - Pro Se

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUMMER CAMPBELL, | Case No. 1:23-cv-05101 |
| Plaintiff, | Judge: John F. Kness |
| | Magistrate Judge: M. David Weisman |
| v. | |
| LIBERTY MUTUAL INSURANCE, | |
| Defendant. | |

## **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Plaintiff Summer Campbell, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, requests that Defendant Liberty Mutual Group Inc. ("Defendant" or "LM") answer the following interrogatories under oath within thirty (30) days of service. In answering these interrogatories, the following instructions and definitions apply:

## **INSTRUCTIONS AND DEFINITIONS**

1.      Answer each interrogatory in full. If you cannot do so, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswered portion.

2.      If you object to less than all of the subparts of an interrogatory, you must answer the remaining subparts. If you object to an interrogatory or a subpart thereof as calling for information which is beyond the scope of discovery, you must, nevertheless, answer the interrogatory or subpart to the extent that it is not objectionable.

3.      These interrogatories are continuing in nature, and you are requested to provide, by way of supplementary answers, such additional information as you or any person acting on

1

your behalf may hereafter obtain which will augment or otherwise modify the answers now given, as soon as additional information becomes available to you.

4.      "Person" shall mean and include a natural person, individual, partnership, firm, corporation, companies, organizations, groups of natural persons, or any kind of business or legal entity, its agents or employees whether or not such persons have separate legal existence in their own right.

5.      "You" shall refer to Liberty Mutual Group Inc., its counsel and any consultants, experts, investigators, agents or other persons acting on its behalf (as applicable).

6.      "Defendant" or "LM" shall refer to Liberty Mutual Group Inc.

7.      "Plaintiff" shall refer to Summer Campbell.

8.      "Neurodivergent" shall refer to individuals whose cognitive functioning, neurological development, or mental processing differs from what is considered typical. This term includes, but is not limited to, individuals with autism spectrum disorder (ASD), attention-deficit disorder (ADD), dyslexia, dyspraxia, Tourette syndrome, and other recognized neurological or developmental conditions. The term shall be construed broadly and consistently with how it is understood in disability accommodation contexts under the Americans with Disabilities Act and applicable guidance from the Equal Employment Opportunity Commission.

9.      "Investigation" shall refer to any inquiry, review, fact-finding, assessment, or evaluation undertaken by Defendant into concerns, complaints, or incidents raised by Plaintiff or others. This includes interviews, document reviews, communications or internal assessments.

10.     "Training" shall refer to any program, session, module, materials, online course, or meeting (live or virtual) in which employees received education, guidance, or instruction on relevant topics.

2

11.     "Follow-up" refers to any subsequent action, communication, monitoring, review, or evaluation undertaken in response to an event, investigation, complaint, accommodation request, performance issue, or disciplinary action. This includes but is not limited to corrective measures, training, counseling, check-ins, audits, evaluations, or additional communications intended to address, resolve, monitor, or reassess the issue(s) raised.

12.     "Human Resources" or "HR" includes any personnel, department, or third-party vendors responsible for employment policies, employee relations, compliance, investigations, accommodations, or the processing of complaints or grievances during the relevant time period.

13.     The term "document" is used in the broadest sense and includes the original and all non-identical copies of documents.  Any document with any marks on any page or side thereof, including, but not limited to, initials, stamped indicia, comments or notations of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of these interrogatories.

14.     "Describe" means to provide a complete and detailed account of the subject matter, including but not limited to the identity of involved individuals, the nature and sequence of events, the rationale for any decisions made, the timeline of actions taken, the methods or procedures used, and the outcomes of consequences of those actions. Where applicable, "describe" shall also include references to any relevant documents, communications, or supporting materials.

15.     The terms "related to" and "concerning" shall mean consisting of, referred to, reflected upon, arising out of, evidencing or in any way legally, logically or factually connected with the matters discussed.

16.     The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these interrogatories the broadest response possible.

17.     "Any, "each," "the," "every," and "all" shall be construed to bring within the scope of these interrogatories the broadest response possible.

18.     Singular and plural nouns shall be construed to bring within the scope of these interrogatories the broadest response possible.

19.     When referring to a document, "identify" means set forth the general nature of the document; the author or the originator; each addressee; all individuals designated to receive a copy or otherwise hereto have received a copy; date, title and general subject matter; the present custodian of each copy thereof; and last known address of each such custodian.

20.     When referring to a natural person, "identify" means to provide information of sufficient particularity to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, the person's full name, current or last known residence address and telephone number, current or last known business address and telephone number, and the current or last known position or job title of the person.

21.     When referring to an entity (not a natural person), "identify" means to state its full name, address and organizational status (*e.g.*, corporation, partnership).

22.     The term "communications" include any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, notes, letters, telegrams, electronic mail or e-mail, video transmissions, or facsimiles and any other written, oral, or other forms of communications.

4

23.     "Complaint" refers to the Complaint filed by Summer Campbell and currently pending in the United States District Court for the Northern District of Illinois, captioned *Summer Campbell v. Liberty Mutual Insurance*, Case No. 1:23-cv-05101.

24.     Unless otherwise instructed, your responses shall encompass the period from April 12, 2021 through the date of your responses.

25.     These Interrogatories shall be continuing so as to require you to supplement your responses when and if you obtain or discover any additional information responsive to these Interrogatories.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1**

Identify all individuals involved in reviewing, responding to, and/or making decisions regarding any requests for accommodation made by Plaintiff. For each, state their full name, job title at the relevant time, specific role in the accommodation process, and the extent of their involvement. Identify all documents related to your answer.

**ANSWER:**


### **INTERROGATORY NO. 2**

Describe the specific procedures followed by Defendant when processing requests for reasonable accommodations under the ADA or related laws during Plaintiff's employment. Include relevant timelines, documentation practices, and internal review steps. Identify all documents related to your answer.

**ANSWER:**

**INTERROGATORY NO. 3**

Identify all external resources, materials, consultants, legal opinions, or vendors consulted by Defendant, from 2021 to the present, to assist in understanding, evaluating, or implementing accommodations for neurodivergent employees. For each, describe the content, date, and use of the resource. Identify all documents related to your answer.

**ANSWER:**

**INTERROGATORY NO. 4**

Identify and describe any communications between Plaintiff and Defendant's Human Resources or Management staff relating to the concerns Plaintiff raised about her work environment, accommodation process, or any other workplace issues referenced in the Complaint. Identify all documents related to your answer.

**ANSWER:**

**INTERROGATORY NO. 5**

Describe any and all investigations conducted in response to each complaint, report, or concern raised by Plaintiff. For each investigation, state:

a) Its nature and the name and title of each person who conducted or participated in it;

b) The individuals interviewed and the documents reviewed; and

c) The outcome, including any disciplinary or remedial actions taken and the results of any follow-up.

If no investigation occurred, so state explicitly. Identify all documents related to your answer.

**ANSWER:**

**INTERROGATORY NO. 6**

Describe Defendant's formal and informal procedures for handling complaints of employee misconduct, discrimination, harassment, or retaliation during Plaintiff's employment, including the threshold or standard for initiating an investigation, and the roles of departments or individuals involved. Identify all documents related to your answer.

**ANSWER:**

**INTERROGATORY NO. 7**

Identify and describe every complaint, grievance, or concern raised about the conduct or behavior of Colleen Busby within the five years preceding the end of Plaintiff's employment. Include how each was resolved, whether any disciplinary or corrective action was taken, and the result of any follow-up. Identify all documents related to your answer.

**ANSWER:**

**INTERROGATORY NO. 8**

Identify and describe every instance in which Plaintiff was notified (verbally or in writing) of any alleged deficiency in her performance, conduct, or behavior during her employment. Include for each notification the date, substance of the notification, method of communication, person issuing the notification, and whether the deficiency was corrected. Identify all documents related to your answer.

**ANSWER:**

**INTERROGATORY NO. 9**

Identify any training sessions conducted by Defendant related to workplace discrimination, retaliation, harassment, disability rights, neurodivergent disabilities, or ADA compliance. Include dates, content summaries, and the name and job title of all attendees. Identify all documents related to your answer.

**ANSWER:**

**INTERROGATORY NO. 10**

Identify the specific essential job functions of the Associate Account Analyst role during Plaintiff's employment as referenced in any correspondence with Plaintiff, her Healthcare Providers, or other members of her team, or otherwise used in connection with performance evaluations or accommodation reviews. Identify all documents related to your answer.

**ANSWER:**

**INTERROGATORY NO. 11**

Describe the typical career path or progression opportunities for individuals in the Associate Account Analyst role on Colleen Busby's team including possible changes in job title, level, grade, responsibilities, compensation range, and the average time employees spend in each role. Identify all documents related to your answer.

**ANSWER**

**INTERROGATORY NO. 12**

For each affirmative defense asserted in the Defendants Answer: describe the factual basis for the defense, identify all persons with knowledge of the facts supporting that defense,

and identify all persons who provided formal or informal statements in support of that defense. Identify all documents or tangible items that support the defense.

**ANSWER**

**INTERROGATORY NO. 13**

Identify each person who assisted in preparing responses to Plaintiff's discovery requests and, for each, describe the nature and extent of their involvement.

**ANSWER**

**INTERROGATORY NO. 14**

Describe in detail all actions taken by Defendant in preparation for Plaintiff's return to work after short term disability (STD), including but not limited to:

a) Any accommodation or workplace protections implemented;

b) Any process established for monitoring compliance with or enforcement of reasonable accommodations for Plaintiff; and

c) The decision-making process related to whether Plaintiff would be assigned a support person with whom she felt psychologically or emotionally safe.

Identify all documents related to your answer.

**ANSWER:**

**INTERROGATORY NO. 15**

Describe all actions taken by or on behalf of Defendant's then-CEO, David Long, in response to Plaintiff's communication raising concerns about discrimination, failure to accommodate, or Defendant's inability to support neurodivergent employees. Include the identity

of any individuals who reviewed or responded to the communication and any steps taken in response. Identify all documents related to your answer.

**ANSWER:**

DATED: June 20, 2025                    Respectfully submitted,

                                        By:   s/ *Summer Campbell* _____
                                              Plaintiff - Pro Se

Summer Campbell
Summer.campbell0410@gmail.com
107 N. Shore Dr
Oakwood Hills, Illinois 60013
Phone: (708) 530-9293

# EXHIBIT 3

**summer.campbell0410@gmail.com**

| | |
|---|---|
| **From:** | Remish, Madeline E. <mremish@seyfarth.com> |
| **Sent:** | Monday, July 21, 2025 9:51 AM |
| **To:** | summer.campbell0410@gmail.com |
| **Cc:** | Foley, Erin Dougherty |
| **Subject:** | Liberty Mutual Responses to Plaintiff's Discovery Requests 23-cv-05101 |
| **Attachments:** | Liberty Mutual Response to Plaintiff's First RFP-Summer Campbell(319219421.2).pdf; Liberty Mutual Response to Plaintiff's First Set of Interrogatories-Summer Campb(319219575.2).pdf |

Good morning Summer,

Attached are Liberty Mutual's responses to your discovery requests. I am sending you a link as well through Kiteworks to access the responsive documents. Let me know if you have any issues viewing the documents.

Thanks!

Maddie

**Madeline E. Remish** | Associate | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5279 | Mobile: +1-847-809-7995 | Fax: +1-312-460-7614
mremish@seyfarth.com | www.seyfarth.com



CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUMMER CAMPBELL, | Case No. 1:23-cv-05101 |
| Plaintiff, | Judge: John F. Kness |
| | Magistrate Judge: M. David Weisman |
| v. | |
| LIBERTY MUTUAL INSURANCE, | |
| Defendant. | |

**LIBERTY MUTUAL'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant LIBERTY MUTUAL INSURANCE, ("Liberty Mutual" or "the Company")

pursuant to Federal Rules of Civil Procedure 26 and 33, hereby submits its Objections and

Responses to Plaintiff's First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1.     Defendant objects to Plaintiff's interrogatories to the extent they seek information
or documents protected from disclosure by the attorney-client communication privilege, the
attorney work product doctrine, and any other immunity, privilege law or rule.  Nothing
contained in these responses is intended to be or may be construed as a waiver of the attorney-
client privilege, the attorney work product doctrine or any other immunity, privilege, law or rule.

2.     Defendant objects to Plaintiff's interrogatories to the extent they are vague,
ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery
of admissible evidence, and/or not relevant to the parties' claims and defenses.

3.     Defendant objects to Plaintiff's interrogatories to the extent any of them seek
information that is confidential or private business information, including information pertaining
to trade secrets, personnel information, and/or competitively sensitive information.

4.     Defendant objects to Plaintiff's interrogatories to the extent any of them seek
information for a time period or geographical/business unit scope not relevant to the causes of
action properly alleged within the scope of the Complaint.

5.  Defendant objects to Plaintiff's interrogatories to the extent they seek information not within Liberty Mutual's possession, custody, or control, and/or are matters of public record, and/or seek information equally available to Plaintiff.

6.  Each and every response is made subject to the foregoing General Objections, regardless of whether a general or specific objection is stated in the answer to a particular interrogatory, and Liberty Mutual does not waive any General Objections not referred to in a particular answer.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all individuals involved in reviewing, responding to, and/or making decisions regarding any requests for accommodation made by Plaintiff. For each, state their full name, job title at the relevant time, specific role in the accommodation process, and the extent of their involvement. Identify all documents related to your answer.

### ANSWER:

Liberty Mutual objects to Interrogatory No. 1 as it seeks information subject to attorney-client privilege and/or work product doctrine. Liberty Mutual further objects to this Interrogatory as it is vague and ambiguous as to the phrase "all individuals involved," and "extent of their involvement." Finally, Liberty Mutual objects to this Interrogatory as it is vague as to the phrase "making decisions regarding any requests for accommodation."  Notwithstanding the foregoing objections, and based on Liberty Mutual's understanding of this Interrogatory, Liberty Mutual states:

- Colleen Busby, Underwriting Support Supervisor, Risk Management;

- Christine Ferretti, Case Associate III, Leave Case Management, Talent and Enterprise Services;

- Kathy Tran, Manager, Underwriting Support Operations – Risk Management;

- Kathleen Stoner, Senior Account Analyst;

- Anneka Higgins, Senior Account Analyst;

- Dan McClain, Senior Account Analyst;

- Jennifer Russ, Complex Case Associate, HR Support Center (HRSC), Talent Operations;

- Michelle Warstler, Manager, Talent Services, Talent and Enterprise Services;

- Stephanie Falconer, Associate Talent Operations Specialist ("TOS"), Consultation, Global Talent Practices & Services;

- Heather Cote, Consultant I; and

- Molly Izard-Gibb, Employee Relations Consultant II, Global Employee Relations & HR Policy.

Further answering, and in compliance with Fed. R. Civ. P. 33(d), see documents produced to Campbell on July 21, 2025.

**INTERROGATORY NO. 2**

Describe the specific procedures followed by Defendant when processing requests for reasonable accommodations under the ADA or related laws during Plaintiff's employment. Include relevant timelines, documentation practices, and internal review steps. Identify all documents related to your answer.

**ANSWER:**

Liberty Mutual objects to Interrogatory No. 2 as it is vague and ambiguous, overly broad and unduly burdensome because the information is already known to Campbell. Liberty Mutual further objects to this Interrogatory to the extent that it seeks privileged information and/or information related employees who are not a party to this litigation, who are not similarly situated to Plaintiff, and who have a privacy interest in this information. Any information regarding similarly situated employees, to the extent it exists, would be produced only subject to a protective order. Subject to those objections, and based on Liberty Mutual's understanding of this Interrogatory, generally speaking, after an employee makes a request for an accommodation, the employee, his/her manager, and Liberty Mutual's Leave and Accommodations team attempt to engage in the interactive process to identify and respond to the request for accommodation, which may (or may not) include obtaining additional information regarding the requested accommodation from the employee's healthcare provider and/or supervisor/manager, and the

3

employee.  Further answering, and in compliance with Fed. R. Civ. P. 33(d), see documents produced to Campbell on July 21, 2025.

**INTERROGATORY NO. 3**

Identify all external resources, materials, consultants, legal opinions, or vendors consulted by Defendant, from 2021 to the present, to assist in understanding, evaluating, or implementing accommodations for neurodivergent employees. For each, describe the content, date, and use of the resource. Identify all documents related to your answer.

**ANSWER:**

Liberty Mutual objects to Interrogatory No. 3 as it is vague and ambiguous as to the phrase: "to assist in understanding, evaluating, or implementing accommodations for neurodivergent employees."  Notwithstanding that objection and based on Liberty Mutual's understanding of this Interrogatory, Liberty Mutual states that among other resources it consults with Liberty Mutual's Leave and Accommodations Team, and may coordinate with its Diversity, Equity and Inclusion department and the Able@Liberty and Allies Employee Resource Group an employee resource group (ERG), which meets regularly, for neurodiverse employees, their community, allies and caregivers, which is dedicated to fostering community support, encouraging open conversations, and facilitating valuable connections among its members. Further answering, and in compliance with Fed. R. Civ. P. 33(d), see documents produced to Campbell on July 21, 2025. Investigation continues.

**INTERROGATORY NO. 4**

Identify and describe any communications between Plaintiff and Defendant's Human Resources or Management staff relating to the concerns Plaintiff raised about her work environment, accommodation process, or any other workplace issues referenced in the Complaint. Identify all documents related to your answer.

**ANSWER:**

Liberty Mutual objects to Interrogatory No. 4 as it seeks information within the Plaintiff's possession and control.  Liberty Mutual also objects to this Interrogatory as vague and

4

ambiguous as to the phrase: concerns "Plaintiff raised about her work environment, accommodation process, or any other workplace issues referenced in the Complaint." Notwithstanding those objections, and in compliance with Fed. R. Civ. P. 33(d), see documents produced to Campbell on July 21, 2025. Investigation continues.

## INTERROGATORY NO. 5

Describe any and all investigations conducted in response to each complaint, report, or concern raised by Plaintiff. For each investigation, state:

a) Its nature and the name and title of each person who conducted or participated in it;

b) The individuals interviewed and the documents reviewed; and

c) The outcome, including any disciplinary or remedial actions taken and the results of any follow-up.

If no investigation occurred, so state explicitly. Identify all documents related to your answer.

## ANSWER:

Liberty Mutual objects to Interrogatory No. 5 as it is vague and ambiguous, overbroad and unduly burdensome. Liberty Mutual further objects to this Interrogatory to the extent it seeks documents that are protected by the attorney-client privilege and/or work product doctrine. Notwithstanding those objections, and in compliance with Fed. R. Civ. P. 33(d), see non-privileged documents produced to Campbell on July 21, 2025. Investigation continues.

## INTERROGATORY NO. 6

Describe Defendant's formal and informal procedures for handling complaints of employee misconduct, discrimination, harassment, or retaliation during Plaintiff's employment, including the threshold or standard for initiating an investigation, and the roles of departments or individuals involved. Identify all documents related to your answer.

## ANSWER:

Liberty Mutual objects to Interrogatory No. 6 as it is vague and ambiguous as to the phrase "threshold or standard." Notwithstanding that objection, and based on Liberty Mutual's understanding of this Interrogatory, and in compliance with Fed. R. Civ. P. 33(d), see documents

produced to Campbell on July 21, 2025, particularly the Employee Handbook. Investigation continues.

**INTERROGATORY NO. 7**

Identify and describe every complaint, grievance, or concern raised about the conduct or behavior of Colleen Busby within the five years preceding the end of Plaintiff's employment. Include how each was resolved, whether any disciplinary or corrective action was taken, and the result of any follow-up. Identify all documents related to your answer.

**ANSWER:**

Liberty Mutual objects to Interrogatory No. 7 to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Liberty Mutual further objects that this Interrogatory is vague as to the phrases "complaint, grievance, or concern" and "follow-up." Notwithstanding those objections, and based on Liberty Mutual's understanding of this Interrogatory, other than the complaint filed by Campbell, no other complaints have been lodged with Liberty Mutual against Colleen Busby, within the five years preceding the end of Plaintiff's employment.

**INTERROGATORY NO. 8**

Identify and describe every instance in which Plaintiff was notified (verbally or in writing) of any alleged deficiency in her performance, conduct, or behavior during her employment. Include for each notification the date, substance of the notification, method of communication, person issuing the notification, and whether the deficiency was corrected. Identify all documents related to your answer.

**ANSWER:**

Liberty Mutual objects to Interrogatory No. 8 as it seeks information within the Plaintiff's possession and control. Liberty Mutual further objects to this Interrogatory because it is vague and ambiguous as to the phrase "alleged deficiency." Notwithstanding that objection, based on Liberty Mutual's understanding of this Interrogatory, to the extent such documents exist, and in compliance with Fed. R. Civ. P. 33(d), see documents produced to Campbell on July 21, 2025.

**INTERROGATORY NO. 9**

Identify any training sessions conducted by Defendant related to workplace discrimination, retaliation, harassment, disability rights, neurodivergent disabilities, or ADA compliance. Include dates, content summaries, and the name and job title of all attendees. Identify all documents related to your answer.

**ANSWER:**

Liberty Mutual objects to Interrogatory No. 9 as it is vague and ambiguous as to the phrase "training." Liberty Mutual further objects to this Interrogatory as it is overbroad in time and scope. Finally, Liberty Mutual objects to this Interrogatory as it not reasonably calculated to lead to the discovery of admissible evidence, and/or not relevant to the parties' claims and defenses. Notwithstanding those objections, and based on Liberty Mutual's understanding of this Interrogatory, and in compliance with Fed. R. Civ. P. 33(d), Liberty Mutual will produce documents responsive to this request. Investigation continues.

**INTERROGATORY NO. 10**

Identify the specific essential job functions of the Associate Account Analyst role during Plaintiff's employment as referenced in any correspondence with Plaintiff, her Healthcare Providers, or other members of her team, or otherwise used in connection with performance evaluations or accommodation reviews. Identify all documents related to your answer.

**ANSWER:**

Liberty Mutual objects to Interrogatory No. 10 to the extent that it is vague and ambiguous as to the phrase "as referenced in any correspondence" and which seeks information which is readily available to Campbell. Notwithstanding those objections, and based on Liberty Mutual's understanding of this Interrogatory, see the job description for an Associate Account Analyst, included with the document produced to Campbell on July 21, 2025.

**INTERROGATORY NO. 11**

Describe the typical career path or progression opportunities for individuals in the Associate Account Analyst role on Colleen Busby's team including possible changes in job title, level, grade, responsibilities, compensation range, and the average time employees spend in each role. Identify all documents related to your answer.

7

**ANSWER**

Liberty Mutual objects to Interrogatory No. 11 to the extent that it is vague and ambiguous as to the phrase "typical career path or progression opportunities." Liberty Mutual further objects to this Interrogatory as it is overbroad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and or not relevant to the parties' claims and defenses. Information responsive to this Interrogatory, if any, would only be produced subject to a protective order.

**INTERROGATORY NO. 12**

For each affirmative defense asserted in the Defendants Answer: describe the factual basis for the defense, identify all persons with knowledge of the facts supporting that defense, and identify all persons who provided formal or informal statements in support of that defense. Identify all documents or tangible items that support the defense.

**ANSWER**

Liberty Mutual objects to this Interrogatory because litigation is ongoing, and it is still discovering information that may be responsive to this Interrogatory. Liberty Mutual also objects to the phrase "formal or information statements in support of that [affirmative] defense" as vague and ambiguous. Notwithstanding those objections, and based on Liberty Mutual's understanding of this Interrogatory, see Liberty Mutual's Rule 26(a)(1) disclosures (provided to Campbell on December 6, 2023), and the documents produced to Campbell on July 21, 2025. Investigation continues.

**INTERROGATORY NO. 13**

Identify each person who assisted in preparing responses to Plaintiff's discovery requests and, for each, describe the nature and extent of their involvement.

**ANSWER**

Liberty Mutual objects to Interrogatory No. 13 as it seeks communications that are subject to attorney client privilege. Subject to and without waiving its objections, and based on

Liberty Mutual's understanding of this Interrogatory, various member of Liberty Mutual's legal department, outside counsel, Molly Izard-Gibbs, and Rachel Domzal assisted in preparing responses to Campbell's discovery requests. *See* the attached verification.

**INTERROGATORY NO. 14**

Describe in detail all actions taken by Defendant in preparation for Plaintiff's return to work after short term disability (STD), including but not limited to:

a) Any accommodation or workplace protections implemented;

b) Any process established for monitoring compliance with or enforcement of reasonable accommodations for Plaintiff; and

c) The decision-making process related to whether Plaintiff would be assigned a support person with whom she felt psychologically or emotionally safe.

Identify all documents related to your answer.

**ANSWER:**

Liberty Mutual objects to Interrogatory No. 14 as it seeks information within the Plaintiff's possession and control. Liberty Mutual further objects to this Interrogatory as it is vague and ambiguous, overly broad and unduly burdensome. Finally, Liberty Mutual objects to this Interrogatory to the extent it seeks information subject to attorney-client privilege and/or work product doctrine. Notwithstanding those objections and based on Liberty Mutual's understanding of this Interrogatory, see documents produced to Campbell on July 21, 2025.

**INTERROGATORY NO. 15**

Describe all actions taken by or on behalf of Defendant's then-CEO, David Long, in response to Plaintiff's communication raising concerns about discrimination, failure to accommodate, or Defendant's inability to support neurodivergent employees. Include the identity of any individuals who reviewed or responded to the communication and any steps taken in response. Identify all documents related to your answer.

**ANSWER:**

Liberty Mutual objects to Interrogatory No. 15 as it is vague and ambiguous, overly broad and unduly burdensome. Liberty Mutual further objects to this Interrogatory to the extent it seeks information subject to attorney-client privilege and/or work product doctrine.

9

Notwithstanding those objections, and based on Liberty Mutual's understanding of this Interrogatory, Liberty Mutual refers Campbell to the documents produced on July 21, 2025. Investigation continues.

**DATED: July 21, 2025**

Respectfully submitted,

LIBERTY MUTUAL INSURANCE

By: *   /s/ Madeline E. Remish*
      One of Its Attorneys

Erin Dougherty Foley
edfoley@seyfarth.com
Madeline E. Remish
mremish@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUMMER CAMPBELL, | Case No. 1:23-cv-05101 |
| Plaintiff, | Judge: John F. Kness |
| | Magistrate Judge: M. David Weisman |
| v. | |
| LIBERTY MUTUAL INSURANCE, | |
| Defendant. | |

**LIBERTY MUTUAL'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2025, a true and correct copy of the foregoing LIBERTY MUTUAL'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT was served by electronic mail delivery and by depositing a copy in the U.S. Mail, postage prepaid, upon:

Summer Campbell
Summer.campbell0410@gmail.com
107 N. Shore Dr.
Oakwood Hills, Illinois 60013
Phone: (708) 530-9293

*/s/ Madeline E. Remish___*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SUMMER CAMPBELL, | Case No. 1:23-cv-05101 |
| Plaintiff, | Judge: John F. Kness |
| | Magistrate Judge: M. David Weisman |
| v. | |
| LIBERTY MUTUAL INSURANCE, | |
| Defendant. | |

## LIBERTY MUTUAL'S OBJECTIONS AND RESPONSES
## TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, LIBERTY MUTUAL INSURANCE, ("Liberty Mutual" or "the Company")

and pursuant to Federal Rules of Civil Procedure 26 and 34 hereby submits its Objections to

Plaintiff's First Requests for Production of Documents as identified below. Based on the

objections set forth herein, and pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), certain

responsive materials are being withheld at this time.

## GENERAL OBJECTIONS

1.  Defendant responds to the Requests without waiving, and expressly preserving all
    objections. Defendant also submits these responses subject to, without intending to
    waive, and expressly preserving: (a) any objections as to materiality, privilege, and
    admissibility of any of the responses; and (b) the right to object to other discovery
    requests involving and/or relating to the subject matter of the discovery requests to which
    Defendant responds.

2.  Defendant objects to the Requests to the extent that they seek information or documents
    protected from disclosure by the attorney-client privilege, the work product doctrine, or
    any other applicable law, rule, privilege or immunity. Nothing contained in these
    answers or in Defendant's production of documents is intended or may be construed as a
    waiver of the attorney-client privilege, the work product doctrine, or any other applicable
    law, rule or privilege.

3.      Defendant objects to the Requests to the extent they seek or purport to impose obligations other than those imposed by the Federal Rules of Civil Procedure or Local Rules.

4.      Defendant objects to the Requests to the extent that they seek information or documents not within its possession, custody, or control or not obtainable after reasonable investigation.

5.      Defendant objects to the Requests to the extent that they seek information for a time period not relevant to the causes of action alleged in the Complaint.

6.      Defendant objects to the Requests to the extent that they seek trade secrets and/or confidential business information, including confidential commercial, financial, proprietary, or personal information.

7.      Defendant objects to the Requests to the extent that they seek information that is equally accessible to Plaintiff.

8.      Defendant objects to the Requests to the extent that they are not appropriately limited in time or scope.

9.      Defendant objects to the Requests to the extent that they are overly broad, unduly burdensome, and/or seek documents or information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Defendant objects to the Requests to the extent that they seek documents or information concerning individuals who were not – or are not – similarly situated to the Plaintiffs, and thus seek information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

11.     Defendant objects to the Requests to the extent they seek information that is unreasonably cumulative or duplicative; to the extent they seek information that is readily obtainable during depositions or from some other source or by some other method that is more convenient, less burdensome, or less expensive; and/or to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

12.     Each and every response is made subject to the foregoing General Objections, regardless of whether any General Objection or specific objection is stated in the answer, and to any protective order entered by the Court. The explicit reference to a General Objection or the making of a specific objection in response to a particular Request is not intended to constitute a waiver of the General Objections that are not specifically referred to in that response.

## REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 1:**

All documents referenced, identified and/or reviewed in response to Plaintiff's First Set of Interrogatories to Defendant.

**RESPONSE:**

Liberty Mutual objects to Plaintiff's Request No. 1 to the extent it seeks documents that are protected by the attorney-client privilege and/or work product doctrine. Liberty Mutual further objects because this Request seeks electronic discovery that is overbroad, unduly burdensome and not proportional to the needs of the case and the burden or expense of such discovery likely outweighs its benefits.[1] Subject to and without waiving its objections, *see* documents produced on July 21, 2025.

**DOCUMENT REQUEST NO. 2:**

Produce all documents and communications, including emails, MS Teams messages, and texts that refer or relate to any request by Plaintiff for reasonable accommodations or training modifications, including internal evaluations and communications with third-parties or Plaintiff's healthcare providers.

**RESPONSE:**

Liberty Mutual objects that Plaintiff's Request No. 2 seeks documents that are protected by the attorney-client privilege and/or work product doctrine. Liberty Mutual further objects to the Request as it is vague and ambiguous as to the phrases "third parties" or "training." Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents produced on July 21, 2025. No non-privileged documents are being withheld on the basis of the abovementioned objections. Privileged documents, to the extent

---

[1] Liberty Mutual is willing to meet and confer regarding the parameters of any electronic discovery, such as custodians, search terms and date ranges.

they exist, are being withheld, and will be identified on a forthcoming privilege log. Investigation continues.

**DOCUMENT REQUEST NO. 3:**

All documents that refer to or relate to communication about the allegations in the Complaint or matters directly related to the allegations in the Complaint, including but not limited to statement(s) prepared by any current and/or former employee of LM on Defendant's behalf.

**RESPONSE:**

Liberty Mutual objects that Plaintiff's Request No. 3 seeks documents within the Plaintiff's possession and control and because it may seek documents that are covered by the attorney-client and/or work product privileged. Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents produced on July 21, 2025. No non-privileged documents are being withheld on the basis of the abovementioned objections. Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log. Investigation continues.

**DOCUMENT REQUEST NO. 4:**

Any and all documents maintained, accumulated, taken, or kept by Defendant and its employees that relate to Plaintiff's employment with LM.

**RESPONSE:**

Liberty Mutual objects that Plaintiff's Request No. 4 is vague and ambiguous, overbroad, and unduly burdensome. Liberty Mutual further objects that Plaintiff's Request No. 4 is overbroad and not limited in time and scope. Liberty Mutual further objects that this Request is irrelevant to the claims or defenses of the parties, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents produced on July 21, 2025. No non-privileged documents are being withheld on the basis of the abovementioned objections.

Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log.  Investigation continues.

**DOCUMENT REQUEST NO. 5:**

Produce all correspondence between Defendant, and/or its agents, and the United States Equal Employment Opportunity Commission or state administrative agency related to the issues in this case.

**RESPONSE:**

Liberty Mutual objects that Plaintiff's Request No. 5 seeks confidential documents and communications.  Liberty Mutual further objects to this Request to the extent that the documents sought are within Plaintiff's control or equally available to Plaintiff via a Freedom of Information Act request directed to the EEOC.  Liberty Mutual also objects to this Request because it is vague as to Plaintiff's "state administrative agency" and "issues in this case." Liberty Mutual also objects because the document sought may be covered by the attorney-client and/or work product privileged. Subject to and without waiving its objections and based on Liberty Mutual's understanding of this Request, see documents previously identified as responsive to Request No. 3.  Based on the above stated objections, no non-privileged documents are being withheld on the basis of the abovementioned objections.  Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log. Investigation continues.

**DOCUMENT REQUEST NO. 6:**

Any and all communications between Colleen Busby and any other LM employee from September 1, 2022 to the present day that reference, discuss, or relate to Plaintiff's job duties, her accommodations, or any concerns raised in the Complaint.

**RESPONSE:**

Liberty Mutual objects that Plaintiff's Request No. 6 seeks documents that are protected by the attorney-client privilege and/or work product doctrine.  Liberty Mutual further objects that

this Request is vague as to the phrases "reference, discuss, or relate" and "job duties, her accommodations, or any concerns."  Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents produced on July 21, 2025.  No non-privileged documents are being withheld on the basis of the abovementioned objections.  Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log.  Investigation continues.

## DOCUMENT REQUEST NO. 7:

Produce all documents and communications referencing or relating to Plaintiff's FMLA leave, STD leave, return-to-work planning, medical status, or any relevant evaluations of her fitness for duty or need for accommodation.

## RESPONSE:

Liberty Mutual objects that Plaintiff's Request No. 7 seeks documents within the Plaintiff's possession and control.  Liberty Mutual further objects to this Request because it is vague as to the phrase "relevant evaluations" and "fitness for duty or need for accommodation." Liberty Mutual also objects to this Request because it seeks documents that are protected by the attorney-client privilege and/or work product doctrine.  Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents produced on July 21, 2025; *see also* documents previously identified as responsive to Request No. 3.  No non-privileged documents are being withheld on the basis of the abovementioned objections.  Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log.  Investigation continues.

## DOCUMENT REQUEST NO. 8:

All communications between any LM employee and third-party vendor that relate to Plaintiff, her accommodation requests, or the concerns raised in the Complaint.

**RESPONSE:**

Liberty Mutual objects that Plaintiff's Request No. 8 is vague and ambiguous, overbroad, unduly burdensome. Liberty Mutual further objects to this Request because it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents produced on July 21, 2025; *see also* documents previously identified as responsive to Request No. 3. Answering further, Liberty Mutual does not possess any communications with third-party vendors in response to this Request. No non-privileged documents are being withheld on the basis of the abovementioned objections. Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log. Investigation continues.

**DOCUMENT REQUEST NO. 9:**

Produce all documents and communications relating to the evaluation of potential hardship (financial, operational, or otherwise) associated with any accommodation requested by Plaintiff.

**RESPONSE:**

Liberty Mutual objects to Plaintiff's Request No. 9 because it is overbroad and unduly burdensome. Liberty Mutual further objects that this Request seeks documents that are protected by the attorney-client privilege and/or work product doctrine. Liberty Mutual also objects to this Request because the phrase "evaluation of potential hardship" is vague and ambiguous. Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents produced on July 21, 2025; *see also* documents previously identified as responsive to Request No. 3. No non-privileged documents are being withheld on the basis of the abovementioned objections. Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log. Investigation continues.

**DOCUMENT REQUEST NO. 10:**

Produce all documents and communications referring or relating to the letter issued to Plaintiff regarding the alleged misappropriation of LM's confidential or proprietary information.

**RESPONSE:**

Liberty Mutual objects to Plaintiff's Request No. 10 because it seeks documents that are protected by the attorney-client privilege and/or work product doctrine. Liberty Mutual further objects in that Plaintiff's request is overbroad and unduly burdensome as it is not limited in time or scope. Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents produced on July 21, 2025.

**DOCUMENT REQUEST NO. 11:**

Produce all documents not otherwise requested above that Defendant intend to rely upon in support of its defenses, or that relate to any factual allegation in its Answer.

**RESPONSE:**

Liberty Mutual objects that Plaintiff's Request No. 11 seeks documents protected by the attorney-client privilege and/or work product doctrine. Liberty Mutual further also objects as this Request is vague and not limited in time or scope. Liberty Mutual also objects because this Request seeks electronic discovery that is overbroad, unduly burdensome and not proportional to the needs of the case and the burden or expense of such discovery likely outweighs its benefit. Notwithstanding those objections, see the documents produced to Campbell on July 21, 2025.

**DATED: July 21, 2025**                          Respectfully submitted,

                                                  LIBERTY MUTUAL INSURANCE


                                                  By:   */s/ Madeline E. Remish*
                                                       One of Its Attorneys

Erin Dougherty Foley
edfoley@seyfarth.com
Madeline E. Remish
mremish@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:      (312) 460-5000
Facsimile:      (312) 460-7000

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUMMER CAMPBELL, | Case No. 1:23-cv-05101 |
| Plaintiff, | Judge: John F. Kness |
| | Magistrate Judge: M. David Weisman |
| v. | |
| LIBERTY MUTUAL INSURANCE, | |
| Defendant. | |

**LIBERTY MUTUAL'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2025, a true and correct copy of the foregoing LIBERTY MUTUAL'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS was served by electronic mail delivery and by depositing a copy in the U.S. Mail, postage prepaid, upon:

Summer Campbell
Summer.campbell0410@gmail.com
107 N. Shore Dr.
Oakwood Hills, Illinois 60013
Phone: (708) 530-9293

*/s/ Madeline E. Remish___*

# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SUMMER CAMPBELL, | Case No. 1:23-cv-05101 |
| Plaintiff, | Judge: John F. Kness |
| | Magistrate Judge: M. David Weisman |
| v. | |
| LIBERTY MUTUAL INSURANCE, | |
| Defendant. | |

## LIBERTY MUTUAL'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, LIBERTY MUTUAL INSURANCE, ("Liberty Mutual" or "the Company") and pursuant to Federal Rules of Civil Procedure 26 and 34 hereby submits its Supplemental Objections to Plaintiff's First Requests for Production of Documents as identified below. Based on the objections set forth herein, and pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), certain responsive materials are being withheld at this time.

## GENERAL OBJECTIONS

1.  Defendant responds to the Requests without waiving, and expressly preserving all objections. Defendant also submits these responses subject to, without intending to waive, and expressly preserving: (a) any objections as to materiality, privilege, and admissibility of any of the responses; and (b) the right to object to other discovery requests involving and/or relating to the subject matter of the discovery requests to which Defendant responds.

2.  Defendant objects to the Requests to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable law, rule, privilege or immunity. Nothing contained in these answers or in Defendant's production of documents is intended or may be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other applicable law, rule or privilege.

3.    Defendant objects to the Requests to the extent they seek or purport to impose obligations other than those imposed by the Federal Rules of Civil Procedure or Local Rules.

4.    Defendant objects to the Requests to the extent that they seek information or documents not within its possession, custody, or control or not obtainable after reasonable investigation.

5.    Defendant objects to the Requests to the extent that they seek information for a time period not relevant to the causes of action alleged in the Complaint.

6.    Defendant objects to the Requests to the extent that they seek trade secrets and/or confidential business information, including confidential commercial, financial, proprietary, or personal information.

7.    Defendant objects to the Requests to the extent that they seek information that is equally accessible to Plaintiff.

8.    Defendant objects to the Requests to the extent that they are not appropriately limited in time or scope.

9.    Defendant objects to the Requests to the extent that they are overly broad, unduly burdensome, and/or seek documents or information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

10.   Defendant objects to the Requests to the extent that they seek documents or information concerning individuals who were not – or are not – similarly situated to the Plaintiffs, and thus seek information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

11.   Defendant objects to the Requests to the extent they seek information that is unreasonably cumulative or duplicative; to the extent they seek information that is readily obtainable during depositions or from some other source or by some other method that is more convenient, less burdensome, or less expensive; and/or to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

12.   Each and every response is made subject to the foregoing General Objections, regardless of whether any General Objection or specific objection is stated in the answer, and to any protective order entered by the Court.  The explicit reference to a General Objection or the making of a specific objection in response to a particular Request is not intended to constitute a waiver of the General Objections that are not specifically referred to in that response.

## REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 1:**

All documents referenced, identified and/or reviewed in response to Plaintiff's First Set of Interrogatories to Defendant.

**RESPONSE:**

Liberty Mutual objects to Plaintiff's Request No. 1 to the extent it seeks documents that are protected by the attorney-client privilege and/or work product doctrine. Liberty Mutual further objects because this Request seeks electronic discovery that is overbroad, unduly burdensome and not proportional to the needs of the case and the burden or expense of such discovery likely outweighs its benefits.[1] Subject to and without waiving its objections, *see* documents produced on July 21, 2025, labeled as Bates Nos. LM000001-LM002133.

**DOCUMENT REQUEST NO. 2:**

Produce all documents and communications, including emails, MS Teams messages, and texts that refer or relate to any request by Plaintiff for reasonable accommodations or training modifications, including internal evaluations and communications with third-parties or Plaintiff's healthcare providers.

**RESPONSE:**

Liberty Mutual objects that Plaintiff's Request No. 2 seeks documents that are protected by the attorney-client privilege and/or work product doctrine. Liberty Mutual further objects to the Request as it is vague and ambiguous as to the phrases "third parties" or "training." Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents produced on July 21, 2025, labeled as Bates Nos. LM000001-LM000099; LM000146-LM000273; LM000294-LM000318; and LM000341-LM002133. No non-privileged documents are being withheld on the basis of the abovementioned objections.

---

[1] Liberty Mutual is willing to meet and confer regarding the parameters of any electronic discovery, such as custodians, search terms and date ranges.

Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log.  Investigation continues.

**DOCUMENT REQUEST NO. 3:**

All documents that refer to or relate to communication about the allegations in the Complaint or matters directly related to the allegations in the Complaint, including but not limited to statement(s) prepared by any current and/or former employee of LM on Defendant's behalf.

**RESPONSE:**

Liberty Mutual objects that Plaintiff's Request No. 3 seeks documents within the Plaintiff's possession and control and because it may seek documents that are covered by the attorney-client and/or work product privileged.  Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents produced on July 21, 2025, labeled as Bates Nos. LM000001-LM00099 and LM000117-LM002133. No non-privileged documents are being withheld on the basis of the abovementioned objections. Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log.  Investigation continues.

**DOCUMENT REQUEST NO. 4:**

Any and all documents maintained, accumulated, taken, or kept by Defendant and its employees that relate to Plaintiff's employment with LM.

**RESPONSE:**

Liberty Mutual objects that Plaintiff's Request No. 4 is vague and ambiguous, overbroad, and unduly burdensome. Liberty Mutual further objects that Plaintiff's Request No. 4 is overbroad and not limited in time and scope.  Liberty Mutual further objects that this Request is irrelevant to the claims or defenses of the parties,  and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents responsive to Request No. 1.  No

non-privileged documents are being withheld on the basis of the abovementioned objections. Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log.  Investigation continues.

**DOCUMENT REQUEST NO. 5:**

Produce all correspondence between Defendant, and/or its agents, and the United States Equal Employment Opportunity Commission or state administrative agency related to the issues in this case.

**RESPONSE:**

Liberty Mutual objects that Plaintiff's Request No. 5 seeks confidential documents and communications.  Liberty Mutual further objects to this Request to the extent that the documents sought are within Plaintiff's control or equally available to Plaintiff via a Freedom of Information Act request directed to the EEOC.  Liberty Mutual also objects to this Request because it is vague as to Plaintiff's "state administrative agency" and "issues in this case." Liberty Mutual also objects because the document sought may be covered by the attorney-client and/or work product privileged. Subject to and without waiving its objections and based on Liberty Mutual's understanding of this Request, see documents previously identified as responsive to Request No. 3.  Based on the above stated objections, no non-privileged documents are being withheld on the basis of the abovementioned objections.  Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log. Investigation continues.

**DOCUMENT REQUEST NO. 6:**

Any and all communications between Colleen Busby and any other LM employee from September 1, 2022 to the present day that reference, discuss, or relate to Plaintiff's job duties, her accommodations, or any concerns raised in the Complaint.

**RESPONSE:**

Liberty Mutual objects that Plaintiff's Request No. 6 seeks documents that are protected by the attorney-client privilege and/or work product doctrine. Liberty Mutual further objects that this Request is vague as to the phrases "reference, discuss, or relate" and "job duties, her accommodations, or any concerns." Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents produced on July 21, 2025, labeled as Bates Nos. LM000146-LM000273; LM000294-LM000318; and LM000341-LM000375. No non-privileged documents are being withheld on the basis of the abovementioned objections. Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log. Investigation continues.

**DOCUMENT REQUEST NO. 7:**

Produce all documents and communications referencing or relating to Plaintiff's FMLA leave, STD leave, return-to-work planning, medical status, or any relevant evaluations of her fitness for duty or need for accommodation.

**RESPONSE:**

Liberty Mutual objects that Plaintiff's Request No. 7 seeks documents within the Plaintiff's possession and control. Liberty Mutual further objects to this Request because it is vague as to the phrase "relevant evaluations" and "fitness for duty or need for accommodation." Liberty Mutual also objects to this Request because it seeks documents that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents produced on July 21, 2025; *see also* documents previously identified as responsive to Requests Nos. 1 and 3. No non-privileged documents are being withheld on the basis of the abovementioned objections. Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log. Investigation continues.

**DOCUMENT REQUEST NO. 8:**

All communications between any LM employee and third-party vendor that relate to Plaintiff, her accommodation requests, or the concerns raised in the Complaint.

**RESPONSE:**

Liberty Mutual objects that Plaintiff's Request No. 8 is vague and ambiguous, overbroad, unduly burdensome. Liberty Mutual further objects to this Request because it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents produced on July 21, 2025; *see also* documents previously identified as responsive to Request No. 3. Answering further, Liberty Mutual does not possess any communications with third-party vendors in response to this Request. No non-privileged documents are being withheld on the basis of the abovementioned objections. Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log. Investigation continues.

**DOCUMENT REQUEST NO. 9:**

Produce all documents and communications relating to the evaluation of potential hardship (financial, operational, or otherwise) associated with any accommodation requested by Plaintiff.

**RESPONSE:**

Liberty Mutual objects to Plaintiff's Request No. 9 because it is overbroad and unduly burdensome. Liberty Mutual further objects that this Request seeks documents that are protected by the attorney-client privilege and/or work product doctrine. Liberty Mutual also objects to this Request because the phrase "evaluation of potential hardship" is vague and ambiguous. Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents produced on July 21, 2025; *see also* documents previously identified as responsive to Request No. 3. No non-privileged documents are being withheld on the basis of the

abovementioned objections. Privileged documents, to the extent they exist, are being withheld, and will be identified on a forthcoming privilege log. Investigation continues.

## DOCUMENT REQUEST NO. 10:

Produce all documents and communications referring or relating to the letter issued to Plaintiff regarding the alleged misappropriation of LM's confidential or proprietary information.

## RESPONSE:

Liberty Mutual objects to Plaintiff's Request No. 10 because it seeks documents that are protected by the attorney-client privilege and/or work product doctrine. Liberty Mutual further objects in that Plaintiff's request is overbroad and unduly burdensome as it is not limited in time or scope. Subject to and without waiving its objections, and based on Liberty Mutual's understanding of this Request, *see* documents produced on July 21, 2025, labeled as Bates Nos. LM000319-LM000324; LM000770-LM000774; and LM000808-LM000812.

## DOCUMENT REQUEST NO. 11:

Produce all documents not otherwise requested above that Defendant intend to rely upon in support of its defenses, or that relate to any factual allegation in its Answer.

## RESPONSE:

Liberty Mutual objects that Plaintiff's Request No. 11 seeks documents protected by the attorney-client privilege and/or work product doctrine. Liberty Mutual further also objects as this Request is vague and not limited in time or scope. Liberty Mutual also objects because this Request seeks electronic discovery that is overbroad, unduly burdensome and not proportional to the needs of the case and the burden or expense of such discovery likely outweighs its benefit. Notwithstanding those objections, *see* the documents responsive to Request No. 1.

**DATED: July 25, 2025**

Respectfully submitted,

LIBERTY MUTUAL INSURANCE

By: _/s/ Madeline E. Remish_
    One of Its Attorneys

Erin Dougherty Foley
edfoley@seyfarth.com
Madeline E. Remish
mremish@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:      (312) 460-5000
Facsimile:      (312) 460-7000

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUMMER CAMPBELL, | Case No. 1:23-cv-05101 |
| Plaintiff, | Judge: John F. Kness |
| | Magistrate Judge: M. David Weisman |
| v. | |
| LIBERTY MUTUAL INSURANCE, | |
| Defendant. | |

**LIBERTY MUTUAL'S SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2025, a true and correct copy of the foregoing  LIBERTY

MUTUAL'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST

REQUESTS FOR PRODUCTION OF DOCUMENTS was served by electronic mail delivery

and by depositing a copy in the U.S. Mail, postage prepaid, upon:

Summer Campbell
Summer.campbell0410@gmail.com
107 N. Shore Dr.
Oakwood Hills, Illinois 60013
Phone: (708) 530-9293

*/s/ Madeline E. Remish___*

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUMMER CAMPBELL, | Case No. 1:23-cv-05101 |
| Plaintiff, | Judge: John F. Kness |
| | Magistrate Judge: M. David Weisman |
| v. | |
| LIBERTY MUTUAL INSURANCE, | |
| Defendant. | |

**PRIVILEGE LOG**

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE  Attorney-Client (AC)  Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| 1 | 1/12/23 | M. Izard-Gibb | N/A | Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | Work Product (WP) | Notes |
| 2 | 1/20/23 | M. Izard-Gibb | N/A | Notes prepared at the direction of legal counsel in anticipation of litigation involving the | WP | Notes |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | | plaintiff. | | |
| 3 | 1/23/23 | M. Izard-Gibb | N/A | Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | WP | Notes |
| 4 | 1/24/23 | M. Izard-Gibb | N/A | Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | WP | Notes |
| 5 | 2/3/23 | M. Izard-Gibb | N/A | Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | WP | Notes |
| 6 | 2/6/23 | M. Izard-Gibb | N/A | Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | WP | Notes |
| 7 | 2/15/23 | M. Izard-Gibb | N/A | Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | WP | Notes |
| 8 | 2/15/23 | M. Izard-Gibb | N/A | Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | WP | Notes |

2

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| 9 | 2/9/23 | K. Madden | S. Crowley; M. Warstler; D. Buckley; L. Blackwell | Email communication between legal counsel and company representatives discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC/WP | Email |
| 10 | 3/9/23 | K. Madden | N/A | Materials prepared at the direction of legal counsel analyzing claims and defenses in anticipation of litigation involving the plaintiff. | AC/WP | Excel |
| 11 | 12/1/22 | K. Madden | M. Warstler; J. Russ | Email communication between legal counsel and company representatives discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 12 | 12/15/22 | M. Warstler/K. Madden | N/A | Materials prepared at the direction of legal counsel analyzing claims and defenses in anticipation of litigation involving the plaintiff. | WP | Notes |
| 13 | 12/17/22 | M. Warstler | N/A | Materials prepared at the direction of legal counsel analyzing claims and defenses in anticipation of litigation involving the plaintiff. | WP | Notes |
| 14 | 2/4/23 | M. Izard-Gibb | N/A | Materials prepared at the direction of legal counsel analyzing claims and defenses in | WP | Notes |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | | anticipation of litigation involving the plaintiff. | | |
| 15 | 2/8/23 | M. Warstler | K. Madden | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 16 | 12/6/22 | M. Warstler | K. Madden | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 17 | 2/6/23 | K. Madden | M. Warstler; D. Miranda; P. Gupta | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC/WP | Email |
| 18 | 2/2/23 | D. Miranda | K. Madden; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |

4

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| 19 | 2/16/23 | N. Keating | M. Thach; E. Duggan; J. Russ; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 20 | 2/3/23 | M. Sheehan | K. Madden; M. Warstler; P. Gupta; M. Izard-Gibb; J. Russ | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 21 | 12/12/22 | M. Warstler | K. Madden; M. Izard-Gibb | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 22 | 2/6/23 | M. Sheehan | K. Madden; M. Warstler; D. Miranda; M. Cidado; P. Gupta | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 23 | 11/22/22 | J. Russ | K. Madden; M. | Email communication between legal counsel and company representative discussing | AC | Email |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>**Attorney-Client (AC)**<br><br>**Work Product Doctrine (WP)** | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | Warstler | strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | | |
| 24 | 2/4/23 | M. Izard-Gibb | K. Madden; M. Warstler; D. Miranda; J. Ughetta; P. Gupta; R. Domzal | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 25 | 1/20/23 | M. Warstler | K. Madden | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC/WP | Email |
| 26 | 2/6/23 | J. Russ | K. Madden; M. Warstler; D. Miranda; P. Gupta; M. Izard-Gibb | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC/WP | Email |
| 27 | 2/2/23 | K. Houston Drummond | K. Madden; L. Blackwell; M. | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the | AC | Email |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | Warstler | plaintiff's claims in connection with anticipated litigation. | | |
| 28 | 12/7/22 | K. Madden | M. Warstler; S. Falconer; K. Dean | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 29 | 12/8/22 | K. Madden | M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 30 | 12/8/22 | M. Warstler | K. Madden | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 31 | 12/8/22 | K. Madden | M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with | AC | Email |

319333234v.1

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | | anticipated litigation. | | |
| 32 | 12/9/22 | K. Madden | M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC/WP | Email |
| 33 | 2/6/23 | P. Gupta | K. Madden; D. Miranda; M. Izard-Gibb; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC/WP | Email |
| 34 | 2/6/23 | K. Madden | P. Gupta; D. Miranda; M. Izard-Gibb; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 35 | 2/6/23 | P. Gupta | K. Madden; D. Miranda; M. Izard-Gibb; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |

319333234v.1

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| 36 | 12/2/22 | K. Madden | M. Warstler; J. Russ | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 37 | 12/2/22 | M. Warstler | K. Madden; J. Russ | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 38 | 12/1/22 | K. Madden | M. Warstler; J. Russ | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC/WP | Email |
| 39 | 12/1/22 | M. Warstler | K. Madden; J. Russ | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC/WP | Email |
| 40 | 12/2/22 | K. Madden | M. Warstler; J. | Email communication between legal counsel and company representative discussing | AC | Email |

319333234v.1

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | Russ | strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | | |
| 41 | 2/3/23 | L. Blackwell | M. Izard-Gibb; C. Carpenter; S. McCluskey; S. Falconer; K. Madden; S. Crowley; J. Bezanson; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 42 | 2/2/23 | M. Izard-Gibb | L. Blackwell; C. Carpenter; S. McCluskey; S. Falconer; K. Madden; S. Crowley; J. Bezanson; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 43 | 2/8/23 | M. Warstler | K. Madden | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with | AC | Email |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | | anticipated litigation. | | |
| 44 | 2/3/23 | K. Madden | M. Izard-Gibb; J. Russ; P. Gupta; M. Warstler; M. Sheehan; D. Miranda | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 45 | 12/13/22 | K. Madden | M. Izard-Gibb; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 46 | 12/13/22 | M. Izard-Gibb | K. Madden; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 47 | 12/13/22 | M. Warstler | K. Madden; M. Izard-Gibb | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with | AC | Email |

319333234v.1

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | | anticipated litigation. | | |
| 48 | 2/8/23 | M. Siwinski | P. Gupta; M. Cidado; M. Sheehan; C. Streat; K. Madden; D. Miranda; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 49 | 2/8/23 | P. Gupta | M. Cidado; M. Sheehan; C. Streat; K. Madden; D. Miranda; M. Warstler; M. Siwinski | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WP | Email/Notes |
| 50 | 2/7/23 | M. Warstler | M. Cidado; M. Sheehan; C. Streat; K. Madden; D. Miranda; P. Gupta; M. Siwinski | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| 51 | 2/7/23 | M. Cidado | M. Warstler; M. Sheehan; C. Streat; K. Madden; D. Miranda; P. Gupta; M. Siwinski | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 52 | 2/8/23 | K. Madden | M. Warstler; M. Sheehan; C. Streat; M. Cidado; D. Miranda; P. Gupta; M. Siwinski | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 53 | 2/7/23 | P. Gupta | M. Cidado; M. Sheehan; C. Streat; K. Madden; D. Miranda; M. Warstler; M. Siwinski | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WP | Email/Notes |
| 54 | 2/7/23 | P. Gupta | M. Cidado; M. Sheehan; C. | Email communication between legal counsel and company representative discussing | AC | Email |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE Attorney-Client (AC) Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | Streat; K. Madden; D. Miranda; M. Warstler; M. Siwinski | strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | | |
| 55 | 2/7/23 | M. Warstler | K. Madden; D. Miranda; P. Gupta | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 56 | 2/7/23 | P. Gupta | K. Madden; D. Miranda; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 57 | 2/8/23 | P. Gupta | K. Madden; D. Miranda; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 58 | 2/8/23 | P. Gupta | M. Cidado; M. Sheehan; C. | Email communication between legal counsel and company representative discussing | AC/WP | Email/Notes |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>**Attorney-Client (AC)**<br><br>**Work Product Doctrine (WP)** | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | Streat; K. Madden; D. Miranda; M. Warstler; M. Siwinski | strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | | |
| 59 | 11/6/22 | M. Warstler | K. Madden; J. Russ; S. Falconer | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 60 | 11/29/22 | K. Madden | J. Russ; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 61 | 11/29/22 | J. Russ | K. Madden; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 62 | 11/29/22 | K. Madden | J. Russ; M. | Email communication between legal counsel and company representative discussing | AC | Email |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | Warstler | strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | | |
| 63 | 11/29/22 | K. Madden | J. Russ; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 64 | 11/29/22 | M. Warstler | K. Madden | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 65 | 11/29/22 | M. Warstler | K. Madden | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 66 | 11/29/22 | K. Madden | J. Russ; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with | AC | Email |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | | anticipated litigation. | | |
| 67 | 11/29/22 | M. Warstler | K. Madden; J. Russ | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 68 | 11/28/22 | K. Madden | J. Russ; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff | AC/WP | Email/Notes |
| 69 | 11/28/22 | K. Madden | J. Russ; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 70 | 11/28/22 | J. Russ | K. Madden; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with | AC/WP | Email/Notes |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|-----|------|--------|------------|---------------------|------|------|
|  |  |  |  | anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. |  |  |
| 71 | 11/28/22 | K. Madden | J. Russ; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 72 | 11/29/22 | M. Warstler | K. Madden; J. Russ | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WC | Email/Notes |
| 73 | 11/23/22 | M. Warstler | K. Madden; J. Russ | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 74 | 11/22/22 | K. Madden | J. Russ; M. | Email communication between legal counsel and company representative discussing | AC/WP | Email/Notes |

319333234v.1

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | Warstler | strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff | | |
| 75 | 11/22/22 | J. Russ | K. Madden; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 76 | 11/22/22 | K. Madden | J. Russ; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 77 | 11/17/22 | M. Warstler | K. Madden; J. Russ | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WC | Email/Notes |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| 78 | 11/17/22 | J. Russ | K. Madden; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WP | Email/Notes |
| 79 | 11/17/22 | J. Russ | K. Madden; M. Warstler; S. Falconer | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 80 | 11/16/22 | S. Falconer | K. Madden; M. Warstler; J. Russ | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 81 | 11/16/22 | K. Madden | M. Warstler; J. Russ; S. Falconer | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of | AC/WP | Email/Notes |

20

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | | litigation involving the plaintiff. | | |
| 82 | 11/16/22 | K. Madden | M. Warstler; J. Russ; S. Falconer | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 83 | 11/30/22 | K. Madden | M. Warstler; J. Russ | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 84 | 11/22/22 | M. Warstler | K. Madden; J. Russ | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WP | Email/Notes |
| 85 | 2/4/23 | J. Ughetta | M. Izard-Gibb; K. Madden; M. Warstler; D. Miranda; P. | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with | AC | Email |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE Attorney-Client (AC) Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | Gupta; R. Domzal | anticipated litigation. | | |
| 86 | 2/2/23 | M. Izard-Gibb | N. Keating; D. Miranda; J. Ughetta; K. Madden; M. Warstler; M. Sheehan; S. Indignaro; M. Cidado; S. Hollis; K. Whiteknact; V. August | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 87 | 2/2/23 | K. Madden | D. Miranda; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 88 | 2/3/23 | M. Warstler | N. Keating; D. Miranda; J. Ughetta; K. Madden; M. Izard-Gibb; M. | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the | AC/WP | Email/Notes |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | Sheehan; S. Indignaro; M. Cidado; S. Hollis; K. Whiteknact; V. August | direction of legal counsel in anticipation of litigation involving the plaintiff. | | |
| 89 | 2/16/23 | M. Thach | E. Duggan; M. Warstler; N. Keating; J. Russ | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 90 | 2/16/23 | J. Russ | N. Keating; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 91 | 1/5/23 | M. Warstler | K. Madden; S. Crowley | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of | AC/WP | Email/Notes |

23

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | | litigation involving the plaintiff. | | |
| 92 | 2/16/23 | N. Keating | M. Thach; E. Duggan; J. Russ; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 93 | 1/12/23 | S. Crowley | K. Madden; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 94 | 1/12/23 | K. Madden | M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 95 | 1/12/23 | K. Madden | S. Crowley; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of | AC/WP | Email/Notes |

319333234v.1

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
|  |  |  |  | litigation involving the plaintiff. |  |  |
| 96 | 1/12/23 | M. Warstler | K. Madden; S. Crowley | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WP | Email/Notes |
| 97 | 1/12/23 | S. Crowley | K. Madden; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WP | Email/Notes |
| 98 | 1/12/23 | M. Warstler | K. Madden; S. Crowley | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WP | Email/Notes |

319333234v.1

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| 99 | 1/9/23 | M. Warstler | K. Madden; S. Crowley | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 100 | 1/8/23 | K. Madden | S. Crowley; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WP | Email/Notes |
| 101 | 1/17/23 | M. Warstler | D. Miranda; K. Madden | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 102 | 1/31/23 | K. Madden | D. Miranda; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |

319333234v.1

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| 103 | 1/31/23 | D. Miranda | K. Madden; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 104 | 1/30/23 | K. Madden | D. Miranda; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 105 | 1/30/23 | M. Warstler | D. Miranda; K. Madden | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WP | Email/Notes |
| 106 | 1/26/23 | K. Madden | M. Warstler; D. Miranda | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |

319333234v.1

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| 107 | 1/26/23 | M. Warstler | K. Madden; D. Miranda | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 108 | 1/26/23 | K. Madden | M. Warstler; D. Miranda | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 109 | 1/23/23 | K. Madden | M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WP | Email/Notes |
| 110 | 1/13/23 | K. Madden | M. Warstler; S. Crowley | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |

28

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| 111 | 1/13/23 | K. Madden | M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 112 | 2/6/23 | K. Madden | J. Russ; MM. War; D. Miranda; P. Gupta; M. Izard-Gibb | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 113 | 2/24/23 | M. Warstler | J. Russ; K. Madden; M. Tach | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 114 | 2/24/23 | J. Russ | K. Madden; M. Thach; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 115 | 2/24/23 | K. Madden | J. Russ; M. Warstler; M. | Email communication between legal counsel and company representative discussing | AC | Email |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | Thach | strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | | |
| 116 | 2/24/23 | K. Madden | M. Warstler; J. Russ; M. Thach | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 117 | 1/5/23 | S. Crowley | K. Madden; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WP | Email/Notes |
| 118 | 2/2/23 | K. Madden | M. Warstler; L. Blackwell; K. Houston Drummond | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 119 | 2/2/23 | K. Houston | K. Madden; M. Warstler; L. | Email communication between legal counsel and company representative discussing | AC | Email |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | Drummond | Blackwell | strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | | |
| 120 | 2/2/23 | L. Blackwell | K. Houston Drummond; M. Warstler; K. Madden | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 121 | 2/3/23 | L. Blackwell | K. Madden; M. Warstler; K. Houston Drummond | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 122 | 12/12/22 | M. Warstler | K. Madden | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WP | Email/Notes |
| 123 | 12/13/22 | K. Madden | M. Warstler | Email communication between legal counsel and company representative discussing | AC/WP | Email/Notes |

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | | strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | | |
| 124 | 2/3/23 | K. Madden | P. Gupta; M Warstler; D. Miranda; M. Izard-Gibb | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 125 | 12/15/22 | K. Madden | M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 126 | 12/21/22 | K. Madden | M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WP | Email/Notes |

319333234v.1

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| 127 | 11/29/22 | L. Blackwell | K. Madden; M. Warstler; J. Russ; S. Crowley | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 128 | 11/29/22 | K. Madden | L. Blackwell; D. Buckley; M. Warstler; J. Russ; S. Crowley | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 129 | 12/1/22 | M. Warstler | K. Madden; J. Russ; S. Crowley; L. Blackwell | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 130 | 1/11/23 | K. Madden | M. Izard-Gibb; M. Warstler; S. Falconer; M. Thach | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 131 | 1/11/23 | S. Falconer | K. Madden; M. Izard-Gibb; M. | Email communication between legal counsel and company representative discussing | AC | Email |

319333234v.1

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | Warstler; M. Thach | strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | | |
| 132 | 1/11/23 | M. Izard-Gibb | K. Madden; M. Warstler; S. Falconer; M. Thach | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 133 | 1/11/23 | K. Madden | M. Thach; M. Warstler; M. Izard-Gibb; S. Falconer | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 134 | 2/8/23 | K. Madden | L. Blackwell; K. Houston Drummond; D. Buckley; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 135 | 2/7/23 | L. Blackwell | K. Madden; K. Houston Drummond; M. | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with | AC | Email |

34

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | Warstler | anticipated litigation. | | |
| 136 | 2/7/23 | K. Houston Drummond | K. Madden; L. Blackwell; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 137 | 2/7/23 | M. Warstler | K. Madden; L. Blackwell; K. Houston Drummond | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 138 | 2/7/23 | L. Blackwell | K. Madden; K. Houston Drummond; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 139 | 2/8/23 | D. Buckley | K. Madden; L. Blackwell; K. Houston Drummond; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |

319333234v.1

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| 140 | 12/19/22 | M. Warstler | K. Madden; J. Russ | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 141 | 12/19/22 | K. Madden | J. Russ; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 142 | 12/15/22 | M. Warstler; K. Madden | N/A | Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | WP | Notes |
| 143 | 12/14/22 | K. Madden | M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 144 | 2/3/23 | P. Gupta | K. Madden; M. Izard-Gibb; D. Miranda; M. | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with | AC | Email |

319333234v.1

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | Warstler | anticipated litigation. | | |
| 145 | 12/15/22 | K. Madden | M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff. | AC/WP | Email/Notes |
| 146 | 6/12/23 | K. Madden | S. Hollis; R. Domzal; B. Nider; M. Izard-Gibb; S. Falconer; J. Russ; M. Warstler; N. Keating; M. Thach; D. Buckley | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 147 | 2/3/23 | L. Blackwell | K. Madden; K. Houston Drummond; M. Warstler; S. | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with | AC | Email |

319333234v.1

| NO. | DATE | AUTHOR | RECIPIENTS | GENERAL DESCRIPTION | PRIVILEGE<br><br>Attorney-Client (AC)<br><br>Work Product Doctrine (WP) | DOCUMENT TYPE |
|---|---|---|---|---|---|---|
| | | | Hollis | anticipated litigation. | | |
| 148 | 11/28/22 | K. Madden | L. Blackwell; M. Warstler; J. Russ | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 149 | 12/1/22 | K. Madden | M. Warstler; J. Russ; S. Crowley; L. Blackwell | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 150 | 1/11/23 | K. Madden | M. Izard-Gibb; M. Warstler; S. Falconer; M. Thach | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |
| 151 | 2/6/23 | K. Madden | L. Blackwell; K. Houston Drummond; M. Warstler | Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. | AC | Email |

319333234v.1

319333234v.1

# EXHIBIT 6

**Interrogatories:**

**Interrogatory No. 1** asks for the individuals involved in reviewing or deciding on my accommodation requests. Your response fails to identify the role of each individual in the accommodation process and lacks a narrative explanation of their involvement in the process. Simply referring to all produced documents is not sufficient under Rule 33(d), and there is no indication whether any responsive information has been withheld.

> Supplementation:
>
> 1. Identify the specific role in the accommodation process of each individual identified in your response.
>
> 2. Identify the extent to which each individual listed contributed to the decision making around my requested accommodations.
>
> 3. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.
>
> 4. Identify the documents which are responsive to this interrogatory.
>
> 5. Provide further response to the interrogatory with the updated definitions below.

Definitions:

*"All individuals involved"* refers to every person who participated in, contributed to, or had any decision-making or advisory role (whether formal or informal) regarding the matter identified, regardless of job title or department.

*"Extent of their involvement"* means a detailed description of each individual's role, duties, and level of participation, including any decisions made, actions taken, or information provided in connection with the matter.

*"Making decisions regarding any requests for accommodation"* means any act of granting, denying, modifying, reviewing, or otherwise determining the outcome of a request for accommodation, whether in whole or in part.


**Interrogatory No. 2** requests a description of formal procedures regarding accommodation requests. Your response recites a general "interactive process" framework, but does not describe actual timelines, documentation practices, or internal decision-making processes used during my employment. Additionally, it improperly implies that I already possess this information, which I do not. Simply referring to all produced documents is not sufficient under Rule 33(d), and there is no indication whether any responsive information has been withheld.

Supplementation:

1. You are welcome to pursue a protective order. However, a response is still required as information on similarly situated employees is a key component to disability discrimination cases, including this one.

2. Provide a written narrative that answers what specific procedures were followed during my employment. Include timelines, documentation practices, and internal review steps.

3. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

4. Identify the documents which are responsive to this interrogatory.

**Interrogatory No. 3** asks for external consultants, vendors, or legal guidance relied on to support neurodivergent employees. The response only references one internal Employee Resource Group and fails to provide a list of external consultants, materials, or vendors as requested. The response also answers in a general sense (EX. "...and may coordinate with its Diversity, Equity and Inclusion department..."). The interrogatory asks for you to identify what resources were used, not what may be consulted. The phrase "investigation continues" renders the answer incomplete, and it is unclear whether anything has been withheld. Simply referring to all produced documents is not sufficient under Rule 33(d).

Supplementation:

1. If no external resources were consulted, so clearly state.

2. Provide a written narrative that identifies external third-parties that were contacted.

3. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

4. Identify the documents which are responsive to this interrogatory.

5. Provide a date that investigation will conclude and supplementation will be supplied. It should be no later than August 18th to enable a review ahead of my production of requests for admission.

6. Provide further response to the interrogatory with the updated definitions below.

Definitions:

*"To assist in understanding, evaluating, or implementing accommodations for neurodivergent employees"* means any activity, consultation, review, or action intended to gain knowledge about, assess the feasibility of, or put into practice accommodations for employees with neurodivergent conditions.

**Interrogatory No. 4** seeks a description of communications between me and management or HR regarding my concerns. Instead of answering, the response instructs me to "see [all] documents produced" without identifying the form, date, participants, or substance of communications. There is no narrative, and the answer improperly implies that the information is in my possession. The phrase "investigation continues" renders the answer incomplete, and it is unclear whether anything has been withheld.

> Supplementation:
>
> 1. Provide a written narrative that answers this question.
>
> 2. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.
>
> 3. Identify the documents which are responsive to this interrogatory.
>
> 4. Provide a date that investigation will conclude and supplementation will be supplied. It should be no later than August 18th to enable a review ahead of my production of requests for admission.
>
> 5. Provide further response to the interrogatory with the updated definitions below.

Definitions:

*"Concerns Plaintiff raised about her work environment, accommodation process, or any other workplace issues referenced in the Complaint"* means any verbal or written communication from Plaintiff that expressed dissatisfaction, reported a problem, or sought changes regarding workplace conditions, treatment by coworkers or supervisors, or Defendant's accommodation process.

**Interrogatory No. 5** requests details of investigations into my complaints. Your response fails to identify the investigators, interviewees, reviewed documents, or any outcomes. Again, there is no narrative, and the statement "investigation continues" leaves the response incomplete and evasive. It is unclear whether anything has been withheld, and it references the full range of documents produced.

Supplementation:

1. Provide a written narrative that answers this question.

2. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

3. Identify the documents which are responsive to this interrogatory.

4. Provide a date that investigation will conclude and supplementation will be supplied. It should be no later than August 18th to enable a review ahead of my production of requests for admission.

**Interrogatory No. 6** asks about procedures for handling discrimination or retaliation complaints. Your response does not include a narrative, references the entire document production while vaguely referring to the Employee Handbook, and fails to describe any internal thresholds for initiating investigations or identify the individuals/departments responsible. The phrase "investigation continues" renders the answer incomplete, and it is unclear whether anything has been withheld.

Supplementation:

1. Provide a written narrative that answers this question. Include the roles of the departments or individuals involved.

2. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

3. Identify the documents which are responsive to this interrogatory.

4. Provide a date that investigation will conclude and supplementation will be supplied. It should be no later than August 18th to enable a review ahead of my production of requests for admission.

5. Provide further response to the interrogatory with the updated definitions below

Definitions:
*"Threshold or standard"* means the minimum criteria, factual circumstances, or procedural requirements that must be met before an investigation, disciplinary action, or other process is initiated.

**Interrogatory No. 7** asks about prior complaints involving Colleen Busby. The response simply states that none exists other than mine, without confirming that a search was conducted or explaining how that conclusion was reached. It is unclear whether anything has been withheld.

Supplementation:

1. Provide a written narrative that answers this question. Include the roles of the departments or individuals involved.

2. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

3. Identify the documents which are responsive to this interrogatory.

4. Provide further response to the interrogatory with the updated definitions below

Definitions:
*"Follow up"* is defined in Plaintiff's Frist Set of Interrogatories to Defendant.
*"Complaint, grievance, or concern"* means any report, whether formal or informal, written or verbal, expressing dissatisfaction, alleging misconduct, or requesting action in relation to workplace behavior, conditions, or policy enforcement.

**Interrogatory No. 8** seeks any notification of alleged performance deficiencies I had. Your answer refers to "[all] documents produced" and incorrectly claims that the information is within my control. The question requires you to identify the dates, nature, and person responsible for each alleged notice.

Supplementation:

1. If no deficiencies in performance, conduct, or behavior were documented, so state explicitly.

2. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

3. Identify the documents which are responsive to this interrogatory.

4. Provide further response to the interrogatory with the updated definitions below.

Definitions:

*"Alleged deficiency"* means any stated claim that an employee's job performance, conduct, or behavior failed to meet established standards, expectations, or requirements.

**Interrogatory No. 9** requests information on ADA and discrimination training. You reference that responsive documents *will be produced*, but fail to provide a narrative summary of the training, dates, content, or attendees. Again, "investigation continues" makes the response incomplete. It is unclear whether anything has been withheld.

Supplementation:

1. Produce the documents responsive to this request.

2. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

3. Identify the documents which are responsive to this interrogatory.

4. Provide a date that investigation will conclude and supplementation will be supplied. It should be no later than August 18th to enable a review ahead of my production of requests for admission.

5. Provide further response to the interrogatory with the updated definitions below.

Definitions:
*"Training"* is defined in Plaintiff's Frist Set of Interrogatories to Defendant.
The scope of time was provided in the instructions of Plaintiff's Frist Set of Interrogatories to Defendant

**Interrogatory No. 10** asks for the essential job functions of my position. Claiming that this information is already available to me false. Your response refers to a job description (which was not identified by the bates range) but does not verify that the document referenced answers this question in whole. It is unclear whether anything has been withheld.

Supplementation:

1. Provide a written narrative that answers this question.

2. Identify all documents that contain the job description.

3. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log

4. Provide further response to the interrogatory with the updated definitions below.

Definitions:
*"As referenced in any correspondence"* means any mention, description, or inclusion of the subject in emails, letters, text messages, instant messages, meeting notes, memoranda, or other written or recorded communications.

**Interrogatory No. 11** seeks information about career path opportunities within my role. Your response objects on relevance grounds, which is improper, as career progression is relevant to damages and pretext.

Supplementation:

1. You are welcome to pursue a protective order. However, a response is still required as information on career path opportunities is a key component to calculating damages.

2. Provide a written narrative that answers the question

3. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

4. Identify the documents which are responsive to this interrogatory.

5. Provide further response to the interrogatory with the updated definitions below

Definitions:
*"Typical career path or progression opportunities"* means the usual sequence of roles, promotions, pay increases, or changes in responsibilities that employees in the specified role may experience, including expected timeframes.

**Interrogatory No. 12** asks you to describe the factual basis for each of your affirmative defenses. You object to the requests stating "litigation is ongoing, and it is still discovering information that may be responsive". You must provide the information you have already discovered, and presumably used in the formation of LM's affirmative defenses to the Complaint, that answers this question. Referencing the entire range of documents produced and referring to Rule 26 disclosures is not a sufficient response. Each defense

must be supported by facts, documents, and witness identification. The phrase "investigation continues" renders the answer incomplete, and it is unclear whether anything has been withheld.

Supplementation:

1. Provide a written narrative that answers the question.

2. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

3. Identify the documents which are responsive to this interrogatory.

4. Provide a date that investigation will conclude and supplementation will be supplied. It should be no later than August 18th to enable a review ahead of my production of requests for admission.

5. Provide further response to the interrogatory with the updated definitions below.

Definitions:
*"Formal or informal statements in support of that affirmative defense"* means any verbal or written assertion, whether sworn or unsworn, made by an individual that tends to support the factual basis of the defense.


**Interrogatory No. 13** asks who helped prepare your discovery responses. Your objection is improper as this information is discoverable, particularly for determining who has knowledge of the case and the factual basis of your defenses. You must provide the names of all involved and the extent of their involvement.

Supplementation:

1. Provide a written narrative that answers all parts of the question.

2. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.


**Interrogatory No. 14** seeks a narrative of the steps taken in preparation for my return to work. You object on the grounds of "vague and ambiguous, overly broad and unduly burdensome" with no specificity or factual support. Additionally, you claim that the information is in my possession and control, which is incorrect. The response again refers

to the entire range of produced documents without summarizing or narrating the steps taken. It is unclear whether anything has been withheld.

Supplementation:

1. Provide a written narrative that answers all parts of the question.

2. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

3. Identify the documents which are responsive to this interrogatory.


**Interrogatory No. 15** asks for the CEO's actions following my complaint. You claim the question is "vague and ambiguous, overly broad and unduly burdensome" without providing support for this claim. Again, the response refers vaguely to the entire range of documents produced and claims the "investigation continues", which makes it incomplete and evasive. It is unclear whether anything has been withheld.

Supplementation:

1. Provide a written narrative that answers all parts of the question.

2. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

3. Identify the documents which are responsive to this interrogatory.

4. Provide a date that investigation will conclude and supplementation will be supplied. It should be no later than August 18th to enable a review ahead of my production of requests for admission.

**Requests for Production**:

**RFP No. 1** refers to all documents cited in your interrogatory answers.

    Supplementation:

    1.   ESI will be pursued. I am willing to meet and confer regarding the parameters.

**RFP No. 2** requests communications regarding accommodation requests. The response refers to 2000+ pages of "documents produced". No date range or custodians are identified. The phrase "investigation continues" renders the answer incomplete, and it is unclear what responsive document has been withheld.

    Supplementation:

    1.   Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

    2.   Provide a date that investigation will conclude and supplementation will be supplied. It should be no later than August 18th to enable a review ahead of my production of requests for admission.

    3.   Provide further response to the requests with the updated definitions below.

Definitions:
*"Third parties"* means any person or entity other than Plaintiff or Defendant, including but not limited to vendors, consultants, contractors, government agencies, regulatory bodies, advocacy organizations, and any other individuals or organizations not directly employed by Defendant at the relevant time.
*"Training"* shall refer to any program, session, module, materials, online course, or meeting (live or virtual) in which employees received education, guidance, or instruction on relevant topics.

**RFP No. 3** asks for communications related to my allegations. Again, you state that information is already in my possession, which is not accurate, and you direct me to over 2100 pages produced. The phrase "investigation continues" renders the answer incomplete, and it is unclear what responsive document has been withheld.

    Supplementation:

1. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

2. Provide a date that investigation will conclude and supplementation will be supplied. It should be no later than August 18th to enable a review ahead of my production of requests for admission.

3. ESI will be pursued. I am willing to meet and confer regarding the parameters.

**RFP No. 4** seeks documents related to my employment. Your response claims the request is overly broad and unduly burdensome, without factual support, but then refers me to an undifferentiated mass of documents. The phrase "investigation continues" renders the answer incomplete, and it is unclear what responsive document has been withheld.

Supplementation:

1. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

2. Provide a date that investigation will conclude and supplementation will be supplied. It should be no later than August 18th to enable a review ahead of my production of requests for admission.

3. The scope of the request is the length of my employment. Please update your response as needed.

**RFP No. 5** seeks correspondence with the EEOC and state agencies. You object on the grounds that the documents are "equally available to Plaintiff via a Freedom of Information Act request" while also referring me to over 2,100 pages of documents. The phrase "investigation continues" renders the answer incomplete, and it is unclear what responsive document has been withheld.

Supplementation:

1. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

2. Provide a date that investigation will conclude and supplementation will be supplied. It should be no later than August 18th to enable a review ahead of my production of requests for admission.

3. Provide the requested documents. A FOIA request shifts the burden unfairly onto me, and there are limitations and timelines associated with the request that have potential to delay litigation.

4. Provide further response to the requests with the updated definitions below.

Definitions:

*"State administrative agency"* means any department, division, office, board, commission, or other governmental body established by a state government that has authority over employment practices, labor relations, human rights, civil rights, or disability rights, including but not limited to state-level equivalents of the Equal Employment Opportunity Commission (EEOC).

*"Issues in this case"* means any facts, events, communications, actions, policies, decisions, allegations, defenses, or legal claims or counterclaims that relate to, arise from, or bear upon the allegations and defenses set forth in the Complaint and Answer in this matter.


**RFP No. 6** requests communications involving Colleen Busby that refer to the concerns raised in the Complaint. You object and claim that the request is vague as to the phrases "reference, discuss, or relate" and "job duties, her accommodations, or any concerns". The phrase "investigation continues" renders the answer incomplete, and it is unclear what responsive document has been withheld.

Supplementation:

1. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

2. Provide a date that investigation will conclude and supplementation will be supplied. It should be no later than August 18th to enable a review ahead of my production of requests for admission.

3. Provide further response to the requests with the updated definitions below.

4. ESI will be pursued. I am willing to meet and confer regarding the parameters.

Definitions:

*"Relate to"* is defined in Plaintiff's First set of Requests For Production to Defendant.

*"Reference" and "discuss"* means any mention, statement, description, discussion, analysis, or communication concerning the identified subject matter, whether directly or indirectly, expressly or impliedly, in whole or in part.

*"Job duties"* means all tasks, functions, responsibilities, assignments, and expectations associated with a position or role.

*"Her accommodations"* refers to all reasonable accommodations requested, discussed, provided, denied, or modified for Plaintiff in connection with her employment, including but not limited to adjustments to job duties, scheduling, work environment, technology, equipment, or workplace policies.

*"Any concerns"* means any complaint, comment, objection, grievance, report, question, or expression of dissatisfaction—whether formal or informal, oral or written—relating to the subject matter specified in the request.

**RFP No. 7** seeks documents related to FMLA, short-term disability, or medical leave. Your response states the documents are in my possession, but this request seeks additional internal records that I was not privy to. You claim that the terms "relevant evaluations", "fitness for duty" and "need for accommodation" are vague. You direct me to the entire production of documents which is insufficient. The phrase "investigation continues" renders the answer incomplete, and it is unclear what responsive document has been withheld.

Supplementation:

1. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

2. Provide a date that investigation will conclude and supplementation will be supplied. It should be no later than August 18th to enable a review ahead of my production of requests for admission.

3. Narrow your identification of documents to those that are responsive to this question.

4. Provide further response to the requests with the updated definitions below.

5. ESI will be pursued. I am willing to meet and confer regarding the parameters.

Definitions:

*"Relevant evaluations"* means any assessment, review, appraisal, examination, report, opinion, or determination, whether formal or informal, written or oral, that relates to the subject matter of the request, including but not limited to performance reviews, fitness-for-duty evaluations, or assessments of ability to perform job functions.

*"Fitness for duty or need for accommodation"* means any determination, opinion, or conclusion by a health care provider, employer representative, or other professional concerning an employee's ability to perform the essential functions of their position with or without reasonable accommodation, and/or whether accommodations are required under applicable law.

**RFP No. 8** asks for documents from third-party vendors or consultants. While failing to identify third-party consultants and objecting to the requests as "vague and ambiguous, overbroad, unduly burdensome" without factual support, you also direct me to over 2100 pages of documents produced. The phrase "investigation continues" renders the answer incomplete, and it is unclear what responsive document has been withheld.

> Supplementation:
>
> 1. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.
>
> 2. Provide a date that investigation will conclude and supplementation will be supplied. It should be no later than August 18th to enable a review ahead of my production of requests for admission.
>
> 3. Narrow your identification of documents to those that are responsive to this question.

**RFP No. 9** seeks documents relating to undue hardship analyses. You claim that the requests is overbroad and unduly burdensome without factual support, and object that the well known phrase "evaluation of potential hardship" is vague and ambiguous. The response fails to identify any such evaluations and refers me to the entirety of documents produced. The phrase "investigation continues" renders the answer incomplete, and it is unclear what responsive documents have been withheld.

> Supplementation:

1. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

2. Provide a date that investigation will conclude and supplementation will be supplied. It should be no later than August 18th to enable a review ahead of my production of requests for admission.

3. Narrow your identification of documents to those that are responsive to this question.

4. Provide further response to the requests with the updated definitions below.

5. ESI will be pursued. I am willing to meet and confer regarding the parameters.

Definitions:
*"Evaluation of potential hardship"* means any analysis, assessment, calculation, or consideration of whether providing a requested accommodation would impose an undue hardship on Defendant, including but not limited to cost estimates, operational impacts, staffing concerns, or legal assessments.


**RFP No. 10** requests documents related to the misappropriation letter. You claim that the request is overbroad with no limit in time or scope. Privilege is asserted, but it is unclear what responsive documents have been withheld.

Supplementation:

1. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

2. Scope is limited to the length of my employment with Liberty Mutual. Update your response as necessary.


**RFP No. 11** asks for documents supporting your defenses. Your response objects, claiming that the request is "vague and not limited in time or scope" and requires ESI that would be "not proportional to the needs of the case", while also directing me to the entire document production. You do not identify the documents relied upon, or whether any privileged materials being withheld.

Supplementation:

1. Verify if responsive information has been withheld, what part of the request the responsive information applies to, and identify the corresponding documents in the privilege log.

2. Narrow your identification of documents to those that are responsive to this question.

3. Scope is limited to the length of my employment with Liberty Mutual. Update your response as necessary.

4. ESI will be pursued. I am willing to meet and confer regarding the parameters.