IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUMMER CAMPBELL,<br><br>Plaintiff.<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE,<br><br>Defendant. | Case No. 1:23-cv-5101<br><br>Judge John F. Kness<br><br>Magistrate Judge M. David Weisman |

**LIBERTY MUTUAL'S RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY**

Liberty Mutual Group, Inc. ("Liberty Mutual" or "Defendant"),[1] responds to Plaintiff Summer Campbell's Motion to Compel [Dkt. 127] as follows:

**INTRODUCTION**

Defendant Liberty Mutual opposes Ms. Campbell's Motion to Compel. Throughout the ongoing discovery process, Liberty Mutual has diligently complied with its obligations under the Federal Rules of Civil Procedure ("FRCP"). Furthermore, Liberty Mutual has consistently acted in good faith, ensuring transparency and cooperation in all discovery-related discussions. Following Liberty Mutual's initial discovery production, Ms. Campbell began raising complaints, and claiming deficiencies with Liberty Mutual's discovery responses, where there are none. To resolve these alleged deficiencies, Liberty Mutual made multiple attempts to meet and confer with Ms. Campbell via telephone or in person, both of which were rebuffed. At Ms. Campbell's request, all meet and confer communications transpired via email. After Liberty Mutual advised Ms.

---

[1] Incorrectly referred to in the Complaint as Liberty Mutual Insurance, Liberty Mutual Group Inc. employed Ms. Campbell and is the proper Defendant.

Campbell that it believed its responses were sufficient and her delinquency demands unsupported, Ms. Campbell filed a Motion to Compel. [Dkt. 127.] Contrary to Ms. Campbell's cited concerns, Liberty Mutual believes it is compliant with its discovery obligations under the Federal Rules. Thus, Liberty Mutual asks the Court that Ms. Campbell's Motion to Compel be denied.

## **RELEVANT BACKGROUND**

On July 21, 2025, Liberty Mutual served its initial responses to Ms. Campbell's written requests for documents and interrogatories. (*See* Dkt. 127, Ex. 3.) Within four days—on July 25, 2025—Liberty Mutual supplemented those discovery responses (at Ms. Campbell's request) to identify, by Bates-label, the information produced to Campbell (*see* Dkt. 127, Ex. 4), and provided a privilege log consistent with Rule 26(b)(5)(A) (*see* Dkt. 127, Ex. 5). The privilege log identified the document type, materials withheld on the basis of privilege, the grounds for those assertions, and their custodians. (*Id.*)

In response to Ms. Campbell's request for downloadable access and organization of documents by discovery request, Liberty Mutual promptly provided a Kiteworks link and supplemented its production accordingly. (*See* Dkt. 127, Ex. 4). On August 16, 2025, again at Ms. Campbell's request, Liberty Mutual sent a hard copy of all responsive documents to her, which it had delivered via FedEx.

Liberty Mutual has complied with, and addressed, each concern raised by Ms. Campbell—even requests outside of the requirements of the Federal Rules of Civil Procedure. For example, Ms. Campbell complained initially that there were too many (and too many duplicative) documents making the review process burdensome for her. (Dkt. 127, Ex. 1, p. 3.) However, Liberty Mutual explained that it had produced all documents maintained in the ordinary course of business, including any duplicative sets, so that it fully complied with its discovery obligations. Likewise,

Liberty Mutual responded to Ms. Campbell's discovery request for a copy of the Company's employee handbook and produced the version of the employee handbook currently maintained in the ordinary course of business. Thereafter, and again at Ms. Campbell's request, it produced an older version of the employee handbook, a version in place during her employment.

Liberty Mutual also responded to Ms. Campbell's complaints about the content of its interrogatory responses, including her objection to the phrase "investigation continues." Liberty Mutual explained that its responses were based on the information reasonably available at the time and that further details would be addressed and identified through additional discovery or during deposition(s), as permitted under Rule 33. (Dkt. 127, Ex. 1, p. 4.)

Similarly, in response to objections about boilerplate language and privilege assertions, Liberty Mutual provided to Ms. Campbell a detailed log consistent with Rule 26(b)(5)(A). (Dkt. 127, Ex. 5.) After concluding that no further supplementation was required at this time, Liberty Mutual clearly informed Ms. Campbell that it believed its responses were proper and complete.

Ms. Campbell now claims the responses are incomplete or lack an index of produced documents. But Liberty Mutual already supplemented its responses—without any substantive change—solely to accommodate her concerns. Liberty Mutual contends that Ms. Campbell's continued demands for more detailed narratives go well beyond what the Federal Rules of Civil Procedure require, and Ms. Campbell's dissatisfaction with those responses, alone, is insufficient grounds to compel more information.

## **ARGUMENT**

### I. **Campbell's Legal Arguments Are Not Supported.**

Ms. Campbell's Motion seeks to hold Liberty Mutual's discovery responses to a heightened standard while relieving Ms. Campbell of her own obligations under the Federal Rules of Civil

Procedure. The Rules apply equally to both parties. It is Ms. Campbell's burden to identify specific deficiencies, establish the relevance of any additional information sought, and show that her requests are proportional to the needs of the case. Ms. Campbell fails to do so here.

"Although *pro se* litigants are not held to the same standards as licensed attorneys, they are not entitled to [a] general dispensation from the rules of civil procedure." *See Franke v. Krump*, No. 20-cv-00794-JPG, 2020 U.S. Dist. LEXIS 206957, at *2–3 (S.D. Ill. Nov. 5, 2020) (citing *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), and *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994)).

While Ms. Campbell's Motion to Compel cites authorities in support of her legal position, the cited materials do not stand for the propositions she claims. Her cited decisions address different issues or materially different records and offer no support for the relief sought here.

For example, in her Motion, Ms. Campbell cites to *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 2018 WL 946396, at *6 (N.D. Ill. Feb. 16, 2018), stating in a parenthetical that the case "reject[s] generalized objections." (Dkt. 127, p. 6.) This is incorrect. This *BankDirect* decision deals with the plaintiff's discovery requests that lack proportionality to the claims of the case, cause an undue burden on defendant, and calls that plaintiff's requests "a fishing expedition." That decision does not concern itself with the issue of generalized or "boilerplate" objections. *Id.*

Ms. Campbell's reliance on *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005), is likewise misplaced. That decision addressed a dispute over conducting a deposition on the eve of the discovery cutoff and criticized nonresponsive objections and refusals to engage in discovery by defendant based solely on the pendency of a motion to dismiss. It did not set standards for the adequacy of document productions, nor did it analyze whether any production was deficient or even made. *Id.*

The Court should not give weight to Ms. Campbell's cited case law because they are distinguishable and unpersuasive. Both parties are obligated to accurately present the record and controlling authority; the Court should disregard any mischaracterizations of the law here.

## II. Liberty Mutual's Responses are Compliant and No Further Responses are Currently Required At This Time.

Liberty Mutual's discovery responses are complete and compliant with the Federal Rules of Civil Procedure as of the date it provided the information to Ms. Campbell. Liberty Mutual provided full responses based on the information reasonably available at the time and has promptly supplemented where necessary.

"A party, upon learning information that is responsive to a discovery obligation, must timely submit a disclosure in furthering the ultimate goal of ensuring a trial on the merits of the case. Significantly, the duty to supplement does not cease to exist because information is learned at the end of discovery." *Stephenson v. City of Chi.,* No. 21 CV 338, 2024 U.S. Dist. LEXIS 115460, at *14 n.4 (N.D. Ill. July 1, 2024).

Similarly, Liberty Mutual's statement that an "investigation continues" is the proper and appropriate response when additional documents or information may be discovered by a party, and for which all parties have a responsibility to supplement their responses if new information becomes available. *See* Fed. R. Civ. P. 26(e). Especially at this stage of discovery, with third-party documents still outstanding, Liberty Mutual believes its "investigation continues" response is just and proper at this time.

Liberty Mutual remains committed to timely supplementing its responses should additional non-privileged, responsive information be identified. But simply insisting that Liberty Mutual's responses are insufficient or that the use of "investigation continues" is "evasive and non-compliant" does not make it so, and it simply not enough to succeed on a motion to compel. "The

5

moving party must show that documents that have been produced permit a reasonable deduction that other documents [or some further explanation] may exist or did exist." *Metcalf v. Ross*, No. 19 C 4623, 2021 U.S. Dist. LEXIS 77599, at *15 (N.D. Ill. Apr. 22, 2021) (denying *pro se* plaintiff's motion to compel). Liberty Mutual's investigation into Ms. Campbell's discovery requests remains ongoing, and Ms. Campbell's arbitrary timeline of when Liberty Mutual's investigation of her claim should be completed is neither in keeping with the spirit or the letter of the discovery process.

As the *Metcalf* court recognized, where "the defendant has produced 800 documents in discovery, covering thousands of pages," it concluded that "that seems a lot for [the] very brief period of time [the plaintiff worked]." The court emphasized that "the amount of discovery already produced ought to be sufficient to make out what seems a factually uncomplicated case about a few incidents occurring over a period of several weeks." *Metcalf*, *supra*, at *3.

The same reasoning applies here. Liberty Mutual has already produced hundreds of documents, totaling over 2,000 pages, and supplemented its production multiple times at Ms. Campbell's request—including providing Bates-labeled references to individualized requests, a privilege log, and hard copies of its entire production. Liberty Mutual's production—both in volume and substance—is more than sufficient to address the issues in this case. *Id*. Ms. Campbell's continued dissatisfaction, absent any showing that additional documents exist or are being withheld, reflects more of a fishing expedition rather than a legitimate discovery dispute.

a. **Liberty Mutual Did Not "Misuse" Fed. R. Civ. P. 33(d)**

Additionally, Ms. Campbell claims Liberty Mutual made blanket references to its production, relying on Rule 33(d) and failed to specify records for her review. (Dkt. 127, p. 8.) However, Liberty Mutual's responses were not a "document dump." The references to production

6

are tailored and identified specific Bates-ranges of documents in response to Ms. Campbell's requests. (*See* Dkt. 127, Ex. 4.)

Moreover, and contrary to Ms. Campbell's concern, Liberty Mutual referring interrogatory responses to specific documents complied with FRCP Rule 33(d). The rule requires the producing party specifying records in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. This Liberty Mutual has done, both by supplementing its responses within four days and identifying the specific Bates-numbered documents corresponding to each interrogatory. Similarly, Liberty Mutual referred to the entirety of the document set produced in this matter only in response to Request for Production No. 1, because Ms. Campbell expressly sought "***All*** documents referenced, identified and/or reviewed in response to Plaintiff's First Set of Interrogatories to Defendant." (*See* Dkt. 127 (motion) p. 8 and Ex. 4, p. 3.) (emphasis added). For all other requests, Liberty Mutual's responses were tailored to the specific documents sought, even if those responses include multiple documents. Moreover, the current production of just 2,152 documents is relatively modest in scope and not so burdensome as to result in prejudice to Ms. Campbell as suggested in her Motion. (Dkt. 127, p. 8.)

Furthermore, Plaintiff's citation to *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336, is misplaced and does not support Ms. Campbell's contention that "Defendant's blanket references to the entire production fails this requirement." (*See* Dkt. 127 p. 8.) What is more, *In re Sulfuric Acid* does not involve any discussion of document production adequacy and must be disregarded by the Court.

### III. Liberty Mutual's Objections Are Proper and Specific to Each Request Made and Its Privilege Log is Adequate.

Ms. Campbell's claim that Liberty Mutual provided "boilerplate" objections is unfounded. (Dkt. 127, p. 2, 3, 5 and 7.) Rather, Liberty Mutual's objections are tailored to the scope of each

7

discovery request, which are often overbroad (i.e., "all documents," "all correspondence," or to "produce all communication.") Indeed, each of Liberty Mutual responses explains why particular discovery requests are objectionable, unduly burdensome, or cumulative; it did not invoke baseless or an "oft-abused litany" of objections to thwart Ms. Campbell's search for information. *Cf. Renew Packaging, LLC v. Ferro*, 632 B.R. 656, 659 (Bankr. N.D. Ill. 2021) (*quoting Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996)).

Rather, to preserve its objections as timely, Liberty Mutual properly served within the Rule 34 deadline particularized, request-specific objections tied to scope and proportionality. Indeed, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see also Laborers' Pension Fund v. Midwest Brickpaving, Inc.*, No. 18 C 7729, 2020 WL 9607993, at *2 n.2 (N.D. Ill. Sept. 14, 2020) (absent good cause, untimely objections to Rule 34 requests are waived, consistent with Rule 33); *Boyd v. Lazer Spot, Inc.*, No. 19 C 8173, 2022 U.S. Dist. LEXIS 131037, at *5 (N.D. Ill. Mar. 30, 2022).

Similarly, when Liberty Mutual needed to withhold documents protected by attorney-client privilege or the work product doctrine, and consistent with Rule 34(b)(2)(C), on July 25, 2025, Liberty Mutual provided a detailed privilege log to Ms. Campbell. In this instance as well, Liberty Mutual believes it acted properly under the rules. "A privilege log is an index. An index may be sufficient to communicate such details as the names of the authors, the recipients, the date the document was created, and the title or subject of the document. It, however, may not be capable of capturing or communicating information such as context, purpose, or relationships among the communicants." *In re Local TV Advert. Antitrust Litig.*, 2025 U.S. Dist. LEXIS 39933, at *45 (N.D. Ill. Feb. 20, 2025). Liberty Mutual has produced a privilege log that fully complies with Rule 26(b)(5)(A), identifying the nature of the documents withheld, the basis for the privilege

8

asserted and providing a description sufficient to enable Ms. Campbell to assess the claim of privilege without revealing the privileged substance itself, complying with FRCP 26(b)(5)(A). For example:

> "Email communication between legal counsel and company representative discussing strategy, handling, and resolution of the plaintiff's claims in connection with anticipated litigation. Notes prepared at the direction of legal counsel in anticipation of litigation involving the plaintiff."

(Dkt. 127, Ex. 5, Defendant's Privilege Log). The privilege log meets the requirements of the FRCP. *See Muro v. Target Corp.*, 250 F.R.D. 350, 361–64 (N.D. Ill. 2007) (holding that a privilege log need not list each individual message in a string if the entry provides sufficient detail to assess the claim).

Ms. Campbell's objections appear rooted not in any actual deficiency, but in a desire to scrutinize Liberty Mutual's privilege review process (and to discover its corresponding privileged communications). That kind of "discovery-on-discovery" is not permitted. As the court explained in *LKQ Corp. v. Kia Motors Am., Inc.*, "[t]he Federal Rules of Civil Procedure do not explicitly permit this type of discovery," and "[n]othing in the Federal Rules directly enables a party to serve interrogatories, document requests, or conduct depositions about a party's procedures to comply with its discovery obligations." 345 F.R.D. 152, 158 (N.D. Ill. 2023). The Rules are comprehensive and specific, and courts "need not, and indeed should not, veer outside the federal rules when the text is so specific as to what is and is not permitted." *Id.*

Here, Liberty Mutual withheld approximately 156 items, most involving communications with legal counsel, including email threads. (Dkt. 127, Ex. 5.) The log clearly identifies entries reflecting legal advice or documents prepared in anticipation of litigation. Ms. Campbell's request for more detail about the log's creation or content is unsupported by the FRCP and should be denied.

### IV. Document Production Was Reasonable and Produced as Kept in the Regular Course of Business.

Liberty Mutual's production complied with the Federal Rules. Pursuant to Rule 34(b)(2)(E)(i), documents were produced as kept in the ordinary course of business, with Bates-labeled ranges. Any prior potential deficiencies were cured on July 25, 2025, when Liberty Mutual supplemented its responses and designated Bates ranges as requested. Electronically stored information was provided in a reasonably usable format, and when Ms. Campbell raised access issues, on August 16, 2025, Liberty Mutual sent the 2100+ pages of documents to her (in hard copy).

Rule 34 does not require page-by-page indexing or creation of new documents. Complaints about formatting, duplicates, or lack of a table of contents do not warrant further supplementation. The employee handbook, for example, lacks a table of contents in its original format, and Liberty Mutual is not required to create one. *See Mendez v. City of Chi.*, No. 18-cv-6313, 2020 U.S. Dist. LEXIS 152826, at 5–6 (N.D. Ill. Aug. 24, 2020) (declining to compel creation of an investigatory file that did not exist).

Rule 34 also does not require reorganization of records to match Ms. Campbell's preferences or production of ESI in multiple formats. *See* Fed. R. Civ. P. 34(b)(2)(E)(iii). Ms. Campbell's concerns about "duplicate documents" are misplaced—email threads naturally appear in multiple custodial files due to circulation, forwarding, or replies. Producing the documents in this way preserve context and is not improper.

At the end of the day, Liberty Mutual contends that Ms. Campbell's continued demands for supplementation are not proportional to the needs of the case. As the court noted in *Metcalf v. Ross*, 2021 U.S. Dist. LEXIS 77599, at **4–5, 7, discovery is not limitless and must remain proportional.

10

Ms. Campbell suggests that "Courts have found that such tactics [producing multiple or duplicative documents] create undue burden and prejudice to the requesting party." (Dkt. 127, at 8.) But Liberty Mutual avers that Ms. Campbell cannot have it both ways. Her inconsistent complaints—that its production is both insufficient and yet too excessive—do not, on its face, justify relief. *See* Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C)(i); *Metcalf*, 2021 U.S. Dist. LEXIS 77599, at *4 (noting that even *pro se* litigants must follow the rules). To the contrary, Liberty Mutual has complied with its obligations under the rules of discovery, it will continue to supplement documents or information that may be discovered and responsive in this case, and it continues to litigate this matter in good faith.

Finally, Ms. Campbell claims that "the defendant has failed to produce documents that were previously produced as exhibits in the settlement conference conducted by this Court." (Dkt. 127, p. 7-8.) Ms. Campbell goes on to claim that "[t]hese documents fall within the discovery requested and do not contain attorney client privilege or work product, so it is worrisome that they have not been provided in the current production of documents." (*Id.*) First, Ms. Campbell fails to identify to which discovery request she is referring, and a review of her discovery requests fail to identify any request for documents "produced as exhibits in the settlement conference." Moreover, as a participant in the various settlement discussions, the undersigned counsel did not create or distribute any exhibits for the settlement conference (nor is she aware of any exhibits being created or circulated by appointed settlement conference counsel – to which Ms. Campbell would have access), so cannot comply with a request as vague Ms. Campbell's two line, unsupported statement in her motion to compel. But even more concerning, is that even if there were such documents "produced as exhibits in the settlement conference," under Federal Rule 408, those exhibits would not necessarily be discoverable in litigation. In short, without more

11

(including an adequate meet and confer – in which Ms. Campbell did not engage on this topic), Liberty Mutual cannot respond to – let alone cure – Ms. Campbell's "worrisome" concern on this topic.

## CONCLUSION

WHEREFORE, for all the reasons set forth above Plaintiff's Motion to Compel should be denied. Plaintiff has not carried her burden to show that Liberty Mutual's responses are deficient under the Federal Rules. The record demonstrates that Liberty Mutual acted in good faith and complied with its obligations, including serving timely, tailored objections, producing documents, identifying Bates ranges, and providing a Rule 26(b)(5)(A)-compliant privilege log. Accordingly, Liberty Mutual asks the Court to deny Plaintiff's motion.

Respectfully submitted,

Dated: September 4, 2025

LIBERTY MUTUAL GROUP, INC.

By: *s/Erin Dougherty Foley*
    Attorney for Defendant

Erin Dougherty Foley
edfoley@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
***Attorney for Defendant***

13

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 4, 2025, I electronically filed the foregoing Response to Summer Campbell's Motion to Compel with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

                                                                                                    By: *s/Erin Dougherty Foley*
                                                                                                        Erin Dougherty Foley