**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUMMER CAMPBELL, | |
| Plaintiff. | Case No. 1:23-cv-5101 |
| v. | Judge John F. Kness |
| LIBERTY MUTUAL INSURANCE, | Magistrate Judge M. David Weisman |
| Defendant. | |

**DEFENDANT'S MOTION TO COMPEL MEDICAL RECORDS**

Pursuant to the Order entered by Magistrate Judge Weisman (Dkt. # 136) on October 15, 2025, Defendant Liberty Mutual Group Inc.[1] submits the following Motion to Compel Medical Records and Releases (with certain exhibits filed under seal):

I.    *Liberty Mutual is Entitled to Ms. Campbell's Medical Records*

A.    **Ms. Campbell Placed Her Mental State at Issue**

1.    From the outset of this litigation, Ms. Campbell has placed her mental state at issue through her claims in the Complaint filed on August 2, 2023 (*See* Dkt. 1, Paras. 7-9; 61; 115-116; 131-134; 138; 157), and in her Answers to Defendant's Interrogatories. Plaintiff's Answers to Defendant's Interrogatories attached as **Exhibit A** (*See* Answers to Interrogatory Nos. 1, 2, 7, 10 12, 13, and 15).

2.    On June 16, 2025, Ms. Campbell responded to Liberty Mutual's First Set of Interrogatories and First Set of Requests for Production, and provided executed Releases of

---

[1] Incorrectly referenced as Liberty Mutual Insurance. Ms. Campbell was employed by Liberty Mutual Group Inc.

Information ("ROIs") (although not the one provided with Liberty Mutual's discovery requests) for the following medical providers, attached as Exhibit X:

a.      A to Z Chiropractic & Physical Therapy ("A to Z");

b.      Collaborative Counseling and Psychiatry ("CC&P");

c.      Denton Woodfern of Inclusive Insight Psychotherapy & Consulting Inc. ("Woodfern");

d.      Favia Primary Care ("Favia"); and

e.      Rebecca Irmen of Artwell Therapy Center, LLC ("Artwell").

3.      Each of these providers was also listed in Ms. Campbell's response to Interrogatory No. 10.  (*See* **Ex. A**).

4.      These ROIs are filed under seal pursuant to the Court's October 15, 2025 Order. (*See* **Exhibit B**, filed under seal).

5.      During discovery, Liberty Mutual discerned that *Ms. Campbell's* production did not include Woodfern's or Inclusive Insight's medical records; Artwell's medical records; Favia's medical records; nor a complete production of CC&P's medical records, despite these providers being affirmatively identified and authorized for release via ROIs executed by Ms. Campbell.

6.      In response, on July 31, 2025, Liberty Mutual prepared and sent subpoena packages to A to Z; Woodfern; Chandni Parikh of CC&P; Favia; and Artwell with a return production date of August 22, 2025. (Subpoenas and ROIs filed as **Exhibit C**, filed under seal).

7.      Liberty Mutual outlines the below discovery efforts and status of each provider to date.

II. *Providers Identified by Ms. Campbell on June 16, 2025 (ROIs Executed)*

    A. **A to Z Chiropractic & Physical Therapy ("A to Z")**

    1. Ms. Campbell identified A to Z in her June 16, 2025 discovery responses and executed an ROI for this provider. A to Z was also listed in response to Interrogatory No. 10.

    2. On July 31, 2025, Liberty Mutual issued a subpoena to A to Z along with the executed ROI for the following records:

        a. all chiropractic records, initial exams and diagnosis treatment notes & progress reports; x-rays and imaging.

    3. On August 5, 2025, A to Z produced responsive medical records.

    4. A to Z produced complete records, and no further action was needed from this medical provider.

    B. **Collaborative Counseling and Psychiatry ("CC&P")**

    1. On June 16, 2025, Ms. Campbell provided an ROI for CC&P and listed it in Interrogatory No. 10 for the following records:

        a. medical records, entire treatment record, psychological testing reports, psychiatric records, labs/diagnostics/imaging, medication list.

    2. On July 31, 2025, Liberty Mutual sent a subpoena to Chandni Parikh of CC&P.

    3. On August 5, 2025, Liberty Mutual received complete records, and no further action was needed from this medical provider.

    4. However, Ms. Campbell has not executed any additional ROI for the entire CC&P practice group, which is necessary to ensure that all mental health treatment provided by this practice and the associated records are obtained and can be considered.

**C.      Denton Woodfern of Inclusive Insight Psychotherapy & Consulting Inc.**

1.      On June 16, 2025, Ms. Campbell executed a Release of Information for Denton Woodfern of Inclusive Insight Psychotherapy & Consulting Inc. ("Woodfern") and affirmatively identified him as a treating provider in her discovery responses.

2.      Pursuant to that executed ROI, Liberty Mutual served a subpoena package on Woodfern on July 31, 2025.

3.      On September 5, 2025, Woodfern produced only a two-page initial assessment — a facially incomplete production that failed to include any of the categories of records authorized by Ms. Campbell's ROI and requested in Liberty Mutual's subpoena, including treatment history, diagnostic impressions, or progress notes.

4.      Defense counsel promptly contacted Woodfern's office to request full compliance with the subpoena and Ms. Campbell's executed ROI. However, on September 9, 2025, Woodfern responded via email, stating they would not produce any further documentation.

5.      On or about September 10, 2025, Woodfern retained legal counsel.

6.      Following discussions, on September 25, 2025, Woodfern's counsel provided Defense counsel with a revised "Authorization for Disclosure" for Ms. Campbell to sign, which would enable Woodfern to release the full scope of treatment records relevant to her claims in this litigation. (Filed as **Exhibit D**, filed under seal).

On October 3, 2025, Liberty Mutual provided Ms. Campbell the revised ROI for execution.

7.      To date, Ms. Campbell has not executed the updated ROI to date, preventing Liberty Mutual from obtaining full psychotherapy records from a provider she affirmatively identified.

**D.**     **Favia Primary Care**

1.      On June 16, 2025, Ms. Campbell identified Favia as a treating provider in her Interrogatory responses and provided a signed ROI authorizing Liberty Mutual to obtain her medical records from this facility. The ROI authorized Favia to release records including registration information, laboratory results, consultation reports, progress notes, radiology reports, history and physicals, and EKG reports.

2.      Despite having executed an ROI, Ms. Campbell did not provide medical records from Favia. As a result, Liberty Mutual issued a subpoena.

3.      On August 30, 2025, Liberty Mutual sent a subpoena package to Favia via certified mail. After no response, Liberty Mutual followed up by serving the subpoena again via a process server on September 18, 2025, with a compliance deadline of September 30, 2025.

4.      As of the date of this Motion, Favia has not responded to Liberty Mutual's subpoena. No objection, explanation, or acknowledgment of the subpoena has been provided.

5.      Liberty Mutual has taken every appropriate step to obtain these records. The non-production of documents from Favia creates a gap in Ms. Campbell's discovery, particularly where she has placed both her mental and physical condition at issue and affirmatively disclosed Favia as a provider.

**E.**     **Rebecca Irmen of Artwell Therapy Center, LLC**

1.      On June 16, 2025, Ms. Campbell provided an executed ROI for Artwell and disclosed her as a treating provider in response to Liberty Mutual's Interrogatory No. 10. (*See* **Exs. A; B**).

2.      The ROI authorized the release of a comprehensive set of mental health records, including diagnosis, drug and alcohol history, treatment summaries, attendance records, mental

5

status examinations, recommendations, progress notes, prognosis, and discharge summaries. These categories of records are directly relevant to Ms. Campbell's asserted mental health claims.

3.      On July 31, 2025, Liberty Mutual sent a subpoena package to Artwell requesting production of the documents listed in the executed ROI.

4.      On September 15, 2025, Artwell produced a two-page treatment summary. The production did not include any of the key categories of records identified in either the ROI or the subpoena, such as progress notes, mental status exams, or therapy recommendations.

5.      On September 16, 2025, Defense counsel contacted Artwell via email and advised her that the production was incomplete and not compliant with either the subpoena or Ms. Campbell's executed ROI.

6.      Later that same day, Artwell responded via email and refused to produce additional documentation, stating:

> a.      "I gave you all that Ms. Campbell authorized me to with the ROI you provided above." An exhibit of Artwell's email is attached as **Exhibit I**.

7.      Despite having both an executed ROI and a valid subpoena, Artwell has failed to provide a complete production. As a result, relevant and responsive mental health records remain outstanding from a provider she affirmatively identified and authorized to release information.

**F.      Dr. Natalie Engelbrecht**

1.      On June 16, 2025, Ms. Campbell produced a single document authored by Dr. Natalie Engelbrecht, a psychotherapist, containing an Autism Spectrum Disorder assessment. However, Ms. Campbell later produced an intake form she completed prior to Dr. Engelbrecht's assessment.  Ms. Campbell did not produce any additional records, including underlying clinical notes, diagnostic evaluations, treatment history, or supporting documentation referenced in that report.

6

2.      Based on Ms. Campbell's own allegations in this litigation; including her claims of PTSD and other psychological conditions (*see* Dkt. 1, ¶¶ 7–9, 61, 115–116, 131–134, 138, 157); Liberty Mutual believes the full set of records from Dr. Engelbrecht is directly relevant and necessary to assess the nature, scope, and origin of Plaintiff's mental health claims.

3.      On August 18, 2025, Liberty Mutual provided Ms. Campbell with an ROI for Dr. Engelbrecht, along with a Proposed Agreed Protective Order designed to safeguard the confidentiality of Plaintiff's sensitive medical information. (Proposed Agreed Protective Order filed as **Exhibit D**, filed under seal). A true and correct copy of this correspondence is attached as **Exhibit E**.

4.      On August 25, 2025, Ms. Campbell responded to Defense counsel, stating that she was reviewing the Proposed Protective Order and would "provide [her] thoughts after [she] had an opportunity to carefully consider its terms." Ms. Campbell further indicated that she would not execute the ROI at that time and would only revisit the issue if Liberty Mutual were to pursue a Rule 35 Independent Medical Examination. (*See* email correspondence attached as **Exhibit F**).

5.      On August 31, 2025, Ms. Campbell reiterated her refusal to sign the ROI, maintaining that she would not authorize any further disclosure of records from Dr. Engelbrecht unless compelled by a future motion or discovery request. She again referenced her willingness to revisit the issue in the context of a potential Rule 35 examination. A copy of this correspondence is attached as **Exhibit G**.

6.      On September 15, 2025, Liberty Mutual followed up and re-sent both the ROI and Proposed Protective Order, requesting that Ms. Campbell execute them so that Liberty Mutual could obtain the full medical records necessary for evaluating her claims. As of the filing of this motion, Ms. Campbell has not responded to or executed either document.

7.      Liberty Mutual has made good-faith efforts to protect the confidentiality of all of Ms. Campbell's medical and therapy records through a Proposed Protective Order and has attempted to work cooperatively with her to obtain this highly relevant discovery. However, Ms. Campbell's continued refusal to sign any of the requested ROI prevents Liberty Mutual from obtaining a complete and accurate record of the mental health treatment and diagnostic findings that she placed directly at issue in this case.

### III.    *New and/or Additional Medical Providers Identified During Discovery*

####     A.      **FJ Psychological Services (Full Practice Records)**

1.      In her June 16, 2025 production, Ms. Campbell provided partial records from Kathryn Scarmardo, a provider affiliated with FJ Psychological Services. These records were limited in scope and appear to reflect treatment only by Ms. Scarmardo as an individual provider.

2.      Ms. Campbell identified Ms. Scarmardo in her response to Interrogatory No. 10 but did not clarify that Ms. Scarmardo practiced within a group setting at FJ Psychological Services.

3.      On October 3, 2025, Liberty Mutual prepared and provided Ms. Campbell with a new ROI specific to FJ Psychological Services as an entity, requesting full and complete production from the practice as a whole. (ROI filed as **<u>Exhibit D</u>**, filed under seal).

4.      As of the filing of this Motion, Ms. Campbell has not executed the updated ROI, despite the relevance of these records to the claims at issue. Liberty Mutual has not received any additional documentation from FJ Psychological Services.

####     B.      **Thomson Memory & Attention ("Thomson")**

1.      Although Thomson Memory Care Center was not disclosed by Ms. Campbell in her discovery responses, it is referenced in her physician notes related to an autism diagnosis she pursued in 2022. These records are significant because Ms. Campbell's Complaint includes

allegations regarding autism, PTSD, and other mental health conditions that form a central part of her damages claims. (*See* Dkt. 1, ¶¶ 7–9, 115–116, 131–134.)

2.      On October 3, 2025, Liberty Mutual provided Ms. Campbell with an ROI for Thomson. (ROI filed as **Exhibit D**, filed under seal).

3.      In the parties' Joint Status Report (Dkt. 135, ¶ 8), Ms. Campbell asserted that she did not treat with Thomson Memory Care Center.

4.      Due to the ambiguity of Ms. Campbell's representation, and the appearance of Thomson in her medical notes, Liberty Mutual seeks verification of no treatment (or the medical records if she did) directly from Thomson Memory Care Center.

**C.      Phoenix Rising Therapy, LLC (Kathryn Scarmardo's Current Practice)**

1.      During the course of discovery, Liberty Mutual learned that Kathryn Scarmardo, previously affiliated with FJ Psychological Services, has since changed practices and is now operating under the name Phoenix Rising Therapy, LLC, located at 8600 U.S. Highway 14, Crystal Lake, Illinois.

2.      Despite Ms. Scarmardo's continued involvement in Plaintiff's care, Ms. Campbell did not disclose this transition in her discovery responses, nor did she supplement her disclosures to reflect Phoenix Rising as the current entity under which Ms. Scarmardo practices.

3.      Liberty Mutual has prepared an ROI specifically directed to Phoenix Rising Therapy, LLC, in an effort to obtain a complete set of Ms. Campbell's treatment records from Ms. Scarmardo's current practice. (ROI filed as **Exhibit H**, filed under seal).

4.      These records are likely to be relevant and material to Ms. Campbell's mental health claims, and Liberty Mutual cannot determine whether additional treatment has occurred at Phoenix without Ms. Campbell's cooperation.

**IV.** *Additional Discovery Efforts*

1.      To date, Ms. Campbell has either ignored Liberty Mutual's requests to execute updated ROIs (to obtain the information related to her psychotherapy and other mental health treatments) or has refused to execute the ROIs in its entirety, citing either the medical records requested were already provided or that she did not receive treatment at the requested facility.  In particular, Ms. Campbell has advised Liberty Mutual she **will not** authorize the release any of her psychotherapy practitioner notes/records.

2.      In the Joint Status Report submitted to the Court on October 3, 2025 (Dkt. 135, ¶ 9), Liberty Mutual requested that Ms. Campbell identify any additional health care providers she saw dating back to 2015, particularly mental health professionals or general practitioners who may have been aware of or documented symptoms relevant to the claims in this litigation.

3.      Ms. Campbell declined this request, asserting that she did not begin receiving mental health treatment until the "relatively recent past." She has not supplemented her disclosures to identify any additional providers predating the ones already listed.

4.      However, Ms. Campbell's own interrogatory responses, TikTok video statements, and various provider records suggest a more complex psychological history and potentially earlier awareness or diagnosis of the issues forming the basis of her claims.

5.      As such, Liberty Mutual maintains that these earlier records may offer critical insight into the onset, progression, and origin of Plaintiff's psychological conditions—and whether the alleged damages stem from events that occurred outside the scope of the current litigation.

6.      Once all relevant medical records are received, Liberty Mutual will seek to depose Ms. Campbell. Liberty Mutual may also seek to depose several of Ms. Campbell's treaters/healthcare providers, and may seek leave of the Court to conduct a Rule 35 Independent Medical Examination of Ms. Campbell.

**WHEREFORE**, LIBERTY MUTUAL GROUP INC., respectfully requests that this Court grants the following relief:

A.    An order compelling the production of all relevant medical records (including records for psychotherapy treatment, counseling, medications, diagnosis and prognosis) from Ms. Campbell and the specified medical providers, including:

    a.    Medical records from Dr. Engelbrecht;

    b.    Medical records from Rebecca Irmen of Artwell;

    c.    Medical records from Woodfern at Inclusive Insight and Therapy;

    d.    Medical records from Thomson Memory & Attention;

    e.    Complete medical records from FJ Psychology practice; and

    f.    Medical records Phoenix Rising Therapy, LLC;

B.    Permission to use these medical records as part of litigation, including summary judgment, provided that the documents are filed under seal to protect sensitive information; and

C.    Any other relief that the Court deems just and proper.

Dated:  October 24, 2025

Respectfully submitted,

LIBERTY MUTUAL GROUP, INC.

By:  *s/Erin Dougherty Foley*
Defendant's Attorney

Erin Dougherty Foley
edfoley@seyfarth.com
Madeline Remish
mremish@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2025, I electronically filed the foregoing Defendant's Motion To Compel Medical Records with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

By: *s/Erin Dougherty Foley*
Erin Dougherty Foley